IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-665 |
| AROL WOLFORD, SHERWIN KRUG, CHARLES McROBERTS, JOHN McROBERTS, CHARLES PECCHIO, JR., LAURA ROGERS and THEO VANDERBOOM | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MOTION FOR EXTENSION OF TIME

Defendants Arol Wolford, Sherwin Krug, Charles McRoberts, John McRoberts, Charles Pecchio, Jr., Laura Rogers and Theo Vanderboom (collectively, the "Defendants") hereby move this Court for an order extending their time to answer, move or otherwise respond to the Complaint of plaintiff Ad Hoc Committee of Equity Holders of Tectonic Network, Inc. (the "Plaintiff"). In support of this motion, Defendants waive an opening brief and respectfully represent as follows:

1.        Plaintiff filed its Complaint on October 27, 2006. The Complaint, which purports to assert fraud and breach of fiduciary duty claims against Defendants, seeks no injunctive or expedited relief. It seeks money damages and interest only.

2.        On Tuesday, November 21, 2006, Defendants contacted Plaintiff's Delaware counsel to request an extension until Tuesday, November 28, 2006, two days after the upcoming Thanksgiving weekend, to respond to the Complaint. This was Defendants' first and

only request for an extension.  Defendants' counsel explained to Plaintiff's counsel that it had recently been retained in the matter and that it required a minimal amount of additional time to respond to the Complaint.  Plaintiff responded that it could not accommodate any extension unless Defendants would agree to waive any service-related grounds for a future motion to dismiss.  Defendants then requested an extension not conditioned on the relinquishment of any legal right, citing the fact that it was requesting an extension of mere days beyond the holiday weekend.  Plaintiff's counsel flatly rejected the request, and Defendants were forced to file this motion.

        3.     This Court has previously rejected unreasonable refusals to provide extensions under circumstances far less egregious than these.  In *Green Isle Partners, Ltd., S.E. v The Ritz-Carlton Hotel Company, L.L.C.*, C.A. No. 01-202 (JJF) (May 11, 2001), the plaintiff refused to agree to a thirty-day extension unless the defendants would commit to begin discovery in the meantime.  (A copy of the Memorandum Order is attached hereto as "Exhibit A.")  The Court concluded that the plaintiff's position had no merit.  Here, Defendants are requesting an extension of less than a week over a holiday weekend.  Plaintiff's strategic decision to withhold a short extension in the hopes of circumventing shortcomings in its own service of process is unreasonable, and its position, like that of the plaintiff in *Green Isle*, is without merit.

        WHEREFORE, Defendants respectfully request that the Court grant them until November 28, 2006, or a later date if the Court deems it necessary, to answer, move or otherwise respond to the Complaint, and grant any further relief the Court deems appropriate.  A proposed form of order is attached hereto as "Exhibit B."

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
William D. Johnston (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6642
*apoff@ycst.com*

PAUL, HASTINGS, JANOFSKY & WALKER LLP
J. Allen Maines, Bar No. 466575
John G. Parker, Bar No. 562425
Albert M. Myers, Bar No. 002711
600 Peachtree Street, Suite 2400
Atlanta, GA  30308
Telephone:   (404) 815-2400
Facsimile:   (404) 815-2424

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on November 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Ian Connor Bifferato, Esquire [icb@bgbblaw.com]
> Linda Richenderfer, Esquire [lrichenderfer@bgbblaw.com]
> Bifferato Gentilotti Biden & Balick
> 1308 Delaware Avenue
> Wilmington, DE 19806

I further certify that on November 21, 2006, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Thomas J. Fleming, Esquire [tfleming@olshanlaw.com]
> Herbert C. Ross, Jr., Esquire [hross@olshanlaw.com]
> OLSHAN GRUNDMAN FROME ROSENZWEIG
>    & WOLOSKY LLP
> Park Avenue Tower
> 65 East 55th Street
> New York, NY  10022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
William D. Johnston  (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Defendants*

## RULE 7.1.1 CERTIFICATION

I hereby certify that counsel for Defendants has complied with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED

MAY 11  12 19 PM '01

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

GREEN ISLE PARTNERS, LTD.,
S.E.,

        Plaintiff,

       v.

THE RITZ-CARLTON HOTEL
COMPANY, L.L.C., et al.,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 01-202 JJF

### MEMORANDUM ORDER

Presently before the Court is Defendants' Motion For
Extension Of Time To Answer, Move Or Otherwise Respond (D.I. 13).
Plaintiff has filed a Response stating that it informed the
Defendants that it would not oppose Defendants request for an
extension provided that Defendants would agree to hold a Rule
26(f) discovery conference and that discovery commence
immediately following the conference (D.I. 14). In essence,
Plaintiff is willing to grant Defendants an additional thirty
(30) days to respond to the Complaint as long as the Rule 26(f)
discovery conference occurs on or before April 18, 2001 and
discovery commences immediately. Defendants filed a Reply (D.I.
15) where, among other matters, Defendants assert that they may
seek to move the action to another court or file various motions
that would require decision before discovery could commence.
Defendants also renew their request that this action be returned
to the assignment system for assignment in the normal manner

because Defendants allege that Plaintiff engaged in "judge shopping."

After considering the various arguments of the parties and finding little merit in any of them, except the request by Defendants for an extension premised on the contents of the Complaint, the Court will grant the Defendants an extension until May 25, 2001, and deny all other requested relief.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Defendants' Motion For Extension Of Time To Answer, Move Or Otherwise Respond (D.I. 13) is **GRANTED**. The Defendants' shall have until May 25, 2001 to answer or otherwise respond to the Complaint in this action.

2.    The relief requested by Plaintiff in its response to Defendants' motion (D.I. 14) is **DENIED**.

3.    Defendants request for a second assignment of this matter is **DENIED** because the Court finds that Plaintiff did not intentionally circumvent the Court's random assignment system.

May 11, 2001
DATE

Joseph J Farnan Jr
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

AD HOC COMMITTEE OF EQUITY HOLDERS )
OF TECTONIC NETWORK, INC. )
                                      )
             Plaintiff, )
                                      )
               v. )          Civil Action No. 06-665
                                      )
AROL WOLFORD, SHERWIN KRUG, )
CHARLES McROBERTS, JOHN McROBERTS, )
CHARLES PECCHIO, JR., LAURA ROGERS )
and THEO VANDERBOOM )
                                      )
            Defendants. )

_____

## **ORDER**

This ____ day of November, 2006, the Court having considered Defendants'

Motion for Extension of Time, and the parties' arguments relating thereto;

IT IS HEREBY ORDERED that the Motion for Extension of time is GRANTED.

Defendants shall answer, move or otherwise respond to the Complaint by November 28, 2006.

_____
                             U.S.D.J.