IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., <br><br> Plaintiff, <br> vs. <br><br> AROL WOLFORD, SHERWIN KRUG, CHARLES McROBERTS, JOHN McROBERTS, CHARLES PECCHIO, JR., LAURA ROGERS and THEO VANDERBOOM, <br><br> Defendants. | Civil Action No. 06-665 (***) |

## REPLY AFFIDAVIT OF ADAM W. POFF, ESQUIRE

STATE OF DELAWARE  :
                   :  SS:
COUNTY OF NEW CASTLE :

I, Adam W. Poff, Esquire, being duly sworn according to law, do hereby depose and say the following:

1. I am an associate at the firm of Young Conaway Stargatt, & Taylor, LLP, Delaware counsel to defendants in the captioned matter.

2. I am over 21 years of age and fully competent to make this Affidavit. I make this Affidavit of my own personal knowledge and in support of Defendants' Motion to Dismiss the captioned matter.

3. Attached hereto as Exhibit A is a true and correct copy of the Certificate of Incorporation of Net/Tech International, Inc., filed on January 10, 1990.

- 2 -

I declare under penalty of perjury that the foregoing is true and correct.

_____
Adam W. Poff (No. 3990)

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, on this 22nd day of December, 2006.

_____
Notary Public
My Commission Expires: 2/16/09

- 2 -

DB02:5681624.1

065840.1001

# EXHIBIT A




Exhibit 3.01

PAGE 1

# Office of Secretary of State

I, MICHAEL HARKINS, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF NET/TECH INTERNATIONAL, INC. FILED IN THIS OFFICE ON THE TENTH DAY OF JANUARY, A.D. 1990, AT 9 O'CLOCK A.M.



900100033

Michael Harkins, Secretary of State

AUTHENTICATION: 12491263

DATE: 01/10/1990

109

CERTIFICATE OF INCORPORATION

OF

NET/TECH INTERNATIONAL, INC.

In order to form a corporation under and pursuant to the laws of the State of Delaware, the undersigned does hereby set forth as follows:

PARAGRAPH FIRST: The name of the corporation is

NET/TECH INTERNATIONAL, INC.

PARAGRAPH SECOND: The address of the initial registered and principal office of this corporation in this state is c/o TAQ, Incorporated, 15 East North Street, in the City of Dover, County of Kent, State of Delaware 19901 and the name of the registered agent at said address is TAQ, Incorporated.

PARAGRAPH THIRD: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the corporation laws of the State of Delaware.

PARAGRAPH FOURTH: The corporation shall be authorized to issue the following shares:

| Class | Number of Shares | Par Value |
|---|---|---|
| COMMON | 7,500,000 | $.01 |

PARAGRAPH FIFTH: The initial Board of Directors, to hold office until the first annual meeting of the stockholders or until successors are elected and qualify, shall consist of one (1); the name and the address of the director constituting the initial Board are as follows:

| Name | Address |
|---|---|
| Rodger Kolsky | 1909 Evva Drive<br>Schenectady, New York 12303 |

PARAGRAPH SIXTH: The name and address of the incorporator are as follows:

NAME

Patrice Brier

ADDRESS

9 East 40th Street
New York, New York  10016

PARAGRAPH SEVENTH:  The following provisions are inserted for the management of the business and for the conduct of the affairs of the corporation, and for further definition, limitation and regulation of the powers of the corporation and of its directors and stockholders:

(1) The number of directors of the corporation shall be such as from time to time shall be fixed by, or in the manner provided in the by-laws.  Election of directors need not be by ballot unless the by-laws so provide.

(2) The Board of Directors shall have power without the assent or vote of the stockholders:

(a) To make, alter, amend, change, add to or repeal the By-Laws of the corporation; to fix and vary the amount to be reserved for any proper purpose; to authorize and cause to be executed mortgages and liens upon all or any part of the property of the corporation; to determine the use and disposition of any surplus or net profits; and to fix the times for the declaration and payment of dividends.

(b) To determine from time to time whether, and to what times and places, and under what conditions the accounts and books of the corporation (other than the stock ledger) or any of them, shall be open to the inspection of the stockholders.

(3) The directors in their discretion may submit any contract or act for approval or ratification at any annual meeting of the stockholders or at any meeting of the stockholders called for the purpose of considering any such act or contract, and any contract or act that shall be approved or be ratified by the vote of the holders of a majority of the stock of the corporation which is represented in person or by proxy at such meeting and entitled to vote thereat (provided that a lawful quorum of stockholders be there represented in person or by proxy) shall be as valid and as binding upon the corporation and upon all the stockholders as though it had been approved or ratified by every stockholder of the corporation, whether or not the contract or act would otherwise be open to legal attack because of directors' interest, or for any other reason.

(4) In addition to the powers and authorities hereinbefore or by statute expressly conferred upon them, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the corporation; subject, nevertheless, to the provisions of the statutes of Delaware, of this certificate, and to any by-laws from time to time made by the stockholders; provided, however, that no by-laws so made shall invalidate any prior act of the directors which would have been valid if such by-law had not been made.

PARAGRAPH EIGHTH: No director shall be liable to the corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director, except with respect to (1) a breach of the director's duty of loyalty to the corporation or its stockholders, (2) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (3) liability under Section 174 of the Delaware General Corporation Law or (4) a transaction from which the director derived an improper personal benefit, it being the intention of the foregoing provision to eliminate the liability of the corporation's directors to the corporation or its stockholders to the fullest extent permitted by Section 102(b)(7) of the Delaware General Corporation Law, as amended from time to time. The corporation shall indemnify to the fullest extent permitted by Sections 102(b)(7) and 145 of the Delaware General Corporation Law, as amended from time to time, each person that such Sections grant the corporation the power to indemnify.

PARAGRAPH NINTH: Whenever a compromise or arrangement is proposed between this corporation and its creditors or any class of them and/or between this corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware, may, on the application in a summary way of this corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this corporation under the provisions of Section 279 Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, to be summoned in such manner as the said court directs. If a majority in number representing three-fourths (3/4) in value of the creditors or class of creditors, and/or

of the stockholders or class of stockholders of this corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholders, of this corporation, as the case may be, and also on this corporation.

PARAGRAPH TENTH: The corporation reserves the right to amend, alter, change or repeal any provision contained in this certificate of incorporation in the manner now or hereafter prescribed by law, and all rights and powers conferred herein on stockholders, directors and officers are subject to this reserved power.

IN WITNESS WHEREOF, the undersigned hereby executes this document and affirms that the facts set forth herein are true under the penalties of perjury this ninth day of January, Nineteen Hundred & Ninty

PATRICE BRIER
Patrice Brier, Incorporator

113

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on December 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Ian Connor Bifferato
> Linda Richenderfer
> Joseph K. Koury
> Bifferato, Gentilotti, Biden & Balick
> 1308 Delaware Ave.
> Wilmington, DE 19806

I further certify that on December 22, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

Thomas J. Flemming
Herbert C. Ross, Jr.
Olshan, Grundman, Frome,
Rosenzweig, & Wolosky LLP
65 East 55th Street
New York, NY 10022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff

William D. Johnston (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
apoff@ycst.com