IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR.; LAURA ROGERS; and THEO VANDERBOOM,<br><br>Defendants. | No. 06 - 665 |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26

Plaintiff Ad Hoc Committee of Equity Holders of Tectonic Network, Inc. ("Plaintiff"), by its attorneys, Bifferato Gentilotti LLC, for its required disclosure pursuant to Rule 26(a)(1) of the Federal Rule of Civil Procedure, states as follows:

1. Individuals Likely to Have Discoverable Information That Plaintiff May Use to Support Its Claims (Rule 26 (a)(1)(A), Fed.R.Civ.P.):

>Arol Wolford
>1034 Virginia Avenue, Unit 4
>Atlanta, Georgia 30306
>
>Sherwin Krug
>4674 Chardonnay Court
>Atlanta, Georgia 30338
>
>Charles McRoberts
>7405 Princeton Trace NE
>Atlanta, Georgia 30328

536100-3

Charles Pecchio, Jr.
15 Reynolds Lane
Kingston, Georgia 30145-2112

Laura Rogers
1125 Windsor Place Circle
Grayson, Georgia 30017

Theo VanderBoom
4160 Poplar Spring Court
Norcross, Georgia 30092

John McRoberts
4109 Old Leeds Lane
Birmingham, Alabama 35213-3238

and

122 Camp Creek Point
Panama City Beach. Florida 32413

Sharon D. Will
500 W. 316
Citra, FL 32113
(352) 595-1391

Richard Rast
1611 Castle Pointe Drive
Castle Rock, CO 80104
(303) 809-6042

Scott McLean
263 Quail Ridge Drive
Ada, MI 49301
(616) 949-6370

John White
6464 Dean Road
Indianapolis, Indiana 46220
(317) 409-2375

Leah Gayheart
15818 Siena Terrace
Parke, CO 80134
(303) 358-0194

536100-3

Plaintiff reserves the right to add other potential witnesses.

2. Description of Documents, Data Compilations and Tangible Things in the Possession Custody or Control of Plaintiff That It May Use to Support its Claims, Unless Solely for Impeachment (Rule 26 (a)(1)(B), Fed.R.Civ.P.):

(1) documents concerning: (a) the acquisitions by Tectonic Network, Inc. ("Tectonic Network") of the businesses of (i) BBN Acquisition, Inc. ("BBN"), (ii) Construction Yellow Pages LLC ("CYP"), and (iii) SpecSource.com, Inc.("SpecSource"); (b) representations or presentations made by certain of the defendants to, and the considerations of Tectonic Network's Board of Directors, relating to and prior to those acquisitions; (c) Tectonic Network's sale of the assets of GO Software, Inc. ("GO Software"); (d) promotion of certain of the acquired businesses; (e) communications between certain of the businesses acquired by Tectonic Network and certain customers thereof; and (f) the complaint of James Serio; (2) various public filings by Tectonic Network with the SEC; (3) various filings in the bankruptcy proceedings concerning Tectonic Network and Tectonic Solutions, Inc., and Tectonic Network's reorganization under Chapter 11 of the Bankruptcy Code; and (4) the stipulated order of the Bankruptcy Court, dated April 12, 2006 and entered April 13, 2006, authorizing Plaintiff to bring the claims in this action. As this action is in its initial stages, Plaintiff reserves the right potentially to use other documents in its possession, custody, or control.

3. Computation of Damages and the Documents Upon Which the Computation Is Based (Rule 26 (a)(1)(C), Fed.R.Civ.P.):

Plaintiff will continue to review its damages in the course of this action and therefore reserves the right to add or modify its computation of damages. Subject to those conditions,

Plaintiff's damages amount to a total of not less than $13,376,992 consisting of, at least, the following and interest thereon:

(a) $6,202,124 which is the total of the amounts paid by Tectonic Network for its acquisitions of the businesses of (i) BBN (i.e., the amount of $1,365,000 which is based on Tectonic Network's conveyance of 750,000 shares of its stock, then valued at $1.82 per share, to BBN's shareholders), (ii) CYP (i.e., the amount of $1,365,000 which is based on Tectonic Network's conveyance of 750,000 shares of its stock, then valued at $1.82 per share, to CYP's shareholders), and (iii) SpecSource (i.e., the amount of $3,472,124 which consists of the amount of $2,639,000 that is based on Tectonic Network's conveyance of 1,450,000 shares of its stock, then valued at $1.82 per share, to SpecSource's shareholders, Tectonic Network's payment of $473,124 on the note it gave in the amount of $533,000 to SpecSource, and Tectonic Network's payment of $360,000 to John White on the note Tectonic Network gave to him for his entry into an unnecessary non-competition agreement in connection with Tectonic Network's acquisition of SpecSource's business);

(b) the approximate amount of not less than $5,605,000 which consists of (i) the principal amount of the financing by Laurus Master Fund to Tectonic Network, which defendants caused Tectonic Network to enter into in anticipation of Tectonic Network's sale of GO SoftWare's business, some of which financing was repaid from sale proceeds (the amount of interest on this financing paid out of the proceeds from the sale of GO Software's business is not currently known by Plaintiff but is to be included in its damages) and (ii)

          the amount of approximately $105,000 paid by Tectonic Network to Charles Pecchio, Jr., purportedly under his employment agreement with Tectonic Network, from the proceeds of the sale of the business of GO Software;

(c)     at least approximately $500,000 paid by Tectonic Network for development of the Virtual Model Business;

(d)     at least approximately $500,000 expended by Tectonic Network to publish and distribute in the first half of 2005 a general, national Construction Yellow Pages directory (the other amounts spent by Tectonic Network to operate the acquired businesses of BBN, CYP, and SpecSource are to be included in Plaintiff's damages); and

(e)     at least approximately $569,868 consisting of cash bonuses paid to defendants Wolford ($180,000 paid in 2004 and 2005), Krug ($223,548 paid in 2004 and 2005), Pecchio ($135,000 paid in 2003 through 2005), and Charles McRoberts ($31,320 paid in 2004 and 2005).

Plaintiff will make the documents used for the above computation available for inspection at the offices of Bifferato Gentilotti LLC at the address set forth below on a mutually convenient date and time.

4. Insurance Agreements (Rule 26 (a)(1)(D), Fed.R.Civ.P.):

The insurance agreements contemplated by Rule 26 (a)(1)(D), Fed.R.Civ.P., are within the possession, custody, or control of the defendants.

Dated: April 5, 2007

536100-3

*[signature]*
Ian Connor Bifferato (#3273)
Linda Richenderfer (#4138)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19806
Telephone: 302-429-1900
Facsimile: 302-429-8600

– and –

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Herbert C. Ross, Jr.
65 East 55th Street
New York, New York 10022
Telephone: 212-451-2300
Facsimile: 212-451-2222

Attorneys for Plaintiff Ad Hoc Committee of Equity Holders of Tectonic Network, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2007, a copy of Plaintiff's Initial Disclosures was caused to be served by first class mail, unless otherwise noted, upon the following:

Adam W. Poff, Esquire
William D. Johnston, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

By: _____
Linda Richenderfer (#4138)
Bifferato Gentilotti LLC
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 429-1900

536100-3