# BIFFERATO GENTILOTTI LLC

*Attorneys at Law*

800 N. KING STREET
PLAZA LEVEL
WILMINGTON, DE 19801

(302) 429-1900
TELECOPIER: (302) 429-8600

WRITER'S E-MAIL: LRICHENDERFER@BGLAWDE.COM

August 27, 2007

**VIA E-FILE**
 **& HAND DELIVERY**
Hon. Mary Pat Thynge
United States Magistrate Judge
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

> Re:    *Ad Hoc Committee of Equity Holders of*
> *Tectonic Network, Inc. v. Wolford, et al. (D. Del. No. 06-665)*

Dear Judge Thynge:

We represent plaintiff along with co-counsel Herbert Ross of Olshan Grundman Frome Rosenzweig & Wolosky LLP. We write this letter pursuant to paragraph 3(e) in Your Honor's March 23, 2007 Scheduling Order in this action in connection with (a) the teleconference scheduled for Thursday, August 30, 2007, at 8:30 am, with Your Honor and (b) plaintiff's request for an order compelling defendants (i) to produce all documents in their possession, custody, or control responsive to the request for production of documents served by plaintiff four months ago on April 26, 2007 and (ii) to furnish to us a list of all responsive documents defendants and their counsel withhold from production based on a claim of privilege. A true and correct copy of Plaintiff's First Request to Defendants for the Production of Documents is attached hereto as Exhibit A.

We have not received a single document from the defendants in response to plaintiff's request for production of documents, despite the fact that (a) production was initially due on May 29, 2007, (b) defendants requested and were granted a thirty-day extension to respond, (c) even after the adjourned date, defendants did not produce a written response until July 13, 2007 after we demanded one, and (d) co-counsel wrote to defendants' principal counsel on July 18 demanding that defendants produce their responsive documents on July 25, 2007. A true and correct copy of Defendants' Objections and Responses to Plaintiff's First Request to Defendants for the Production of Documents is attached hereto as Exhibit B.

Hon. Mary Pat Thynge
August 27, 2007
Page 2

After we contacted defendants' counsel on August 10 to ask them for their available dates for a teleconference with Your Honor, defendants' counsel advised us on August 13 that it would begin producing documents during the week of August 20. However, as of the filing of this letter no documents have been received. Further, it is our understanding that (a) the defendants will be producing nothing or virtually nothing from their own hardcopy and electronic files, (b) there is every reason to believe that defendants have done nothing or virtually nothing to search their own hardcopy and electronic files and records for responsive documents, and (c) virtually all we will be getting are additional copies of the documents produced by Tectonic Network and Tectonic Solutions in their consolidated bankruptcy cases in response to a subpoena served in that case in late 2005.

This is egregiously deficient. Plaintiff's request for the production of documents in this case demands many more categories of documents than were demanded in the subpoena in the bankruptcy case. Additionally, plaintiff is entitled to all responsive documents in the possession, custody or control of the defendants, not simply documents of Tectonic Network and Tectonic Solutions. Thus, co-counsel for plaintiff asked in his July 18 email to defendants' counsel:

> "Please also advise whether each of the defendants have (i) diligently searched for and (ii) produced to you all hardcopy and electronically stored documents, in the defendant's possession, custody or control, which are responsive to plaintiff's Request. Based on my conversation with you last week, I understood that as of then, none of the defendants had produced anything to you in response to plaintiff's Request and all that you were prepared to produce were copies of the documents which Tectonic Network and Tectonic Solutions produced in response to the Ad Hoc Committee's subpoena duces tecum in the consolidated bankruptcy cases, and a relatively few other documents that you had in your files already. As I mentioned, the Request was more embracive than the subpoena, asked for more categories of documents, and it is important to have production from the defendants as their possession of various documents is likely very relevant."

Defendants' counsel have never responded to this question even after the text of the July 18 email was sent again to defendants' principal counsel on August 13 as well as to defendants' local counsel.

The defendants have had months to search their own hardcopy and electronic files for documents responsive to the plaintiff's request for the production of documents, and, based on co-counsel's prior discussion with defendants' counsel and defendants' failure to answer co-counsel's July 18, 2007 email, we are convinced that defendants have not done so.

Furthermore, in their tardy written response to the request for production of documents, defendants asserted systematic, boilerplate objections such as overbreadth, lack of relevance, or

Hon. Mary Pat Thynge
August 27, 2007
Page 3

that the documents requested are not likely to lead to the discovery of admissible evidence without any explanation as to how such objections were at all applicable. Accordingly, from the response, we do not know whether defendants or their counsel are withholding or will withhold anything other than documents withheld on a claim of privilege when they routinely state in their response to each category of requested documents, "[s]ubject to and without waiving these objections, defendants will produce all non-privileged documents in their possession ...." Thus, in his July 18 email, my co-counsel asked defendants' counsel:

> "Please advise whether you have agreed to produce all documents responsive to those many requests to which you included that response, which are in the possession, custody or control of any and all of the defendants."

Defendants' counsel has never responded to this question. Plaintiff is entitled to all responsive documents in defendants' possession, custody, or control, not just a selection of responsive documents or those easiest to produce.

Finally, defendants' counsel has never furnished a log of responsive documents withheld on the basis of a claim of privilege despite (a) the demand in plaintiff's request for production of documents for one, (b) the requirement of Rule 26 (b)(5)(A), Fed.R.Civ.P. that one be supplied to us, and (c) co-counsel's request for one in his July 18 email.

Respectfully yours,

Linda Richenderfer (#4118)

cc:    John Parker, Esq. (w/attachments, by electronic mail)
       Adam Poff, Esq., (w/attachments, by electronic mail)
       Chad Stover, Esq. (w/attachments, by electronic mail)
       Herbert C. Ross, Jr., Esq. (w/attachments, by electronic mail)

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., | No. 06 – 665 (MPT) |
| Plaintiff, | |
| v. | |
| AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR.; LAURA ROGERS; and THEO VANDERBOOM, | |
| Defendants. | |

## PLAINTIFF'S FIRST REQUEST TO DEFENDANTS FOR
## THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff Ad Hoc Committee of Equity Holders of

Tectonic Network, Inc. ("Plaintiff"), by its attorneys, Bifferato Gentilotti LLC, requests that

Defendants produce for Plaintiff's inspection and copying, at the offices of Bifferato Gentilotti

LLC at the address set forth below, on May 29, 2007, the following documents and other things.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Request for the Production of

Documents (hereinafter, the "Request"):

A.     For purposes of this Request, the term "documents" is defined to be synonymous

in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34 and includes, but is

not limited to, any handwritten, typed or printed matter and any matter electronically or

537189-1

magnetically transcribed or stored. A draft or non-identical copy is a separate document within the meaning of this term.

B.      For purposes of this Request, the term "Plaintiff" means and shall refer to the Ad Hoc Committee of Equity Holders of Tectonic Network, Inc. and its members, agents, and attorneys, and any of the foregoing.

C.      For purposes of this Request, the term "Tectonic" means and shall refer to Tectonic Network, Inc. (formerly known as Return on Investment Corporation), and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

D.      For purposes of this Request, the term "Solutions" means and shall refer to Tectonic Solutions, Inc., and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

E.      For purposes of this Request, the term "BBN" means and shall refer to BBN Acquisition, Inc., and its officers, directors, employees, predecessors (including, but not limited to, Blue Bolt Networks Inc.), successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

F.      For purposes of this Request, the term "CYP" means and shall refer to Construction Yellow Pages LLC, and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

2

G.    For purposes of this Request, the term "SpecSource" means SpecSource.com, Inc., and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

H.    For purposes of this Request, the term "GO" means GO Software, Inc., and its officers, directors, employees, predecessors, successors, agents, and attorneys, and any of the foregoing.

I.    For purposes of this Request, the term "Wolford" means defendant Arol Wolford and his agents and attorneys, and any of the foregoing.

J.    For purposes of this Request, the term "Krug" means defendant Sherwin Krug and his agents and attorneys, and any of the foregoing.

K.    For purposes of this Request, the term "Pecchio" means defendant Charles Pecchio Jr., and his agents and attorneys, and any of the foregoing.

L.    For purposes of this Request, the term "Defendants" means the defendants in this action, Arol Wolford, Sherwin Krug, Charles McRoberts, John McRoberts, Charles Pecchio Jr., Laura Rogers, and Theo Vanderboom, and their respective agents and attorneys, and any of the foregoing.

M.    For purposes of this Request, the term "Escrow Agreement" means the escrow agreement entered into in October 2000 by and among between Tectonic, John McRoberts, Charles McRoberts, and Pecchio whereby shares of stock of Tectonic were held in escrow.

3

N.     For purposes of this Request, the term "SEC" means the United States Securities and Exchange Commission.

O.     For purposes of this Request, the term "person" is defined as any natural person or any business, legal or governmental entity or association.

P.     The following rules of construction apply to this Request:

     (i)     The terms "all" and "each" shall each be construed as all and each; and;

     (ii)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside of its scope.

Q.     In the event any document or any of a part of a document is withheld from production on the basis of any claim of privilege, Defendants are to identify in writing as to each such document or part of a document:

     (i)     the nature of the privilege that is being claimed (if the privilege is asserted in connection with a claim or defense governed by state law, Defendants are also to identify the state's privilege rule being invoked);

     (ii)     the type of document;

     (iii)     the general subject matter of the document or part being withheld;

4

(iv)    the date of the document;

(v)    the author of the document;

(vi)    the addressee(s) and recipient(s) of the document; and

(vii)    where not apparent, the relationship of the author and addressee(s) to each other.

R.    For purposes of this Request, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

## DOCUMENTS REQUESTED

1.    Each document concerning Tectonic's acquisition (through Solutions) of the business of BBN or the merger of BBN into Solutions.

2.    Each document concerning Tectonic's acquisition (through Solutions) of the business of CYP or substantially all of CYP's operating assets.

3.    Each document concerning Tectonic's acquisition (through Solutions) of the business of SpecSource or substantially all of SpecSource's operating assets.

4.    Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of BBN prior to their acquisition by Tectonic.

5.     Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of CYP prior to their acquisition by Tectonic.

6.     Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of SpecSource prior to their acquisition by Tectonic.

7.     Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of BBN prior to their acquisition by Tectonic.

8.     Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of CYP prior to their acquisition by Tectonic.

9.     Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of SpecSource prior to their acquisition by Tectonic.

10.     Each document concerning the performance of the business of BBN after the acquisition of such business by Tectonic.

11.     Each document concerning the performance of the business of CYP after the acquisition of such business by Tectonic.

6

12.     Each document concerning the performance of the business of SpecSource after the acquisition of such business by Tectonic.

13.     Each document concerning the performance of Solutions.

14.     Each document concerning the costs, expenses, or revenues of the business of SpecSource after the acquisition of such business by Tectonic.

15.     Each document concerning the costs, expenses, or revenues of the business of BBN after the acquisition of such business by Tectonic.

16.     Each document concerning the costs, expenses, or revenues of the business of CYP after the acquisition of such business by Tectonic.

17.     Each document concerning the costs, expenses, or revenues of the business of Solutions.

18.     Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the acquisition of the business or assets of BBN prior to their acquisition by Tectonic.

19.     Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any members thereof, concerning the acquisition of the business or assets of CYP prior to their acquisition by Tectonic.

20.     Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the acquisition of the business or assets of SpecSource prior to their acquisition by Tectonic.

7

21.     The minutes of each meeting of Tectonic's Board of Directors or any subcommittee thereof during the period from January 1, 2003 through August 2006.

22.     Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the sale or proposed sale of the business or assets of GO prior to such sale to VeriFone, Inc.

23.     Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business of GO prior to the sale of such business to VeriFone, Inc.

24.     Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the sale or proposed sale of the business of GO prior to prior to the sale of such business to VeriFone, Inc.

25.     All documents concerning any bonus or other compensation paid by Tectonic or Solutions to Wolford, Krug, or any of the other Defendants.

26.     All documents concerning any payment made or anticipated to be made by Tectonic or Solutions to John White under the non-competition agreement between him and Tectonic.

27.     All documents concerning any payment made or anticipated to be made by Tectonic to Pecchio, under his employment agreement with Tectonic, as result of the sale of GO's business to VeriFone, Inc.

8

28.    All documents concerning any payment made or anticipated to be made by Tectonic to Wolford, under his employment agreement with Tectonic, as result of the sale of the GO's business to VeriFone, Inc.

29.    All promotional and advertising materials for the business of BBN whether used prior to or after Tectonic's acquisition of such business.

30.    All promotional and advertising materials for the business of CYP whether used prior to or after Tectonic's acquisition of such business.

31.    All promotional and advertising materials for the business of SpecSource whether used prior to or after Tectonic's acquisition of such business.

32.    Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning any of the businesses or assets acquired by Tectonic from (i) BBN, (ii) CYP, or (iii) SpecSource after their acquisition by Tectonic.

33.    Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the businesses acquired by Tectonic from (i) BBN (such business later named "Tectonic Studio"), (ii) CYP (such business later named "Tectonic Print Directories"), or (iii) SpecSource (such business later named "Tectonic Online Directory") after their acquisition by Tectonic.

34.    Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning any actual or

proposed investments in any of the businesses acquired by Tectonic from (i) BBN , (ii) CYP, and (iii) SpecSource after their acquisition by Tectonic.

35.    Each document concerning any business plan for any of the businesses acquired by Tectonic from (i) BBN , (ii) CYP, and (iii) SpecSource, or the Virtual Model business of Solutions.

36.    Each document concerning any financial projections for any of the businesses acquired by Tectonic from (i) BBN , (ii) CYP, and (iii) SpecSource, or the Virtual Model business of Solutions.

37.    Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning Solutions' Virtual Model (also referred to as "Tectonic Models") business.

38.    All documents concerning the Escrow Agreement.

39.    All documents concerning the "settlement" of the Escrow Agreement, entered into on or about October 29, 2003, whereby 750,000 shares of stock of Tectonic were released on a *pro rata* basis to  John McRoberts, Charles McRoberts, and Pecchio, including, but not limited to, all documents concerning the terms of such settlement and the negotiation of such settlement.

40.    All documents concerning any actual or proposed financing for, or loan to, Tectonic, made or proposed at any time during the period January 1, 2002 through October 3, 2005.

10

41.    Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning Solutions' Virtual Model business.

42.    Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any members thereof, concerning any investment(s) in Solutions' Virtual Model business.

43.    Each document concerning the performance of Solutions' Virtual Model business.

44.    Each document concerning the costs, expenses, or revenues of Solutions' Virtual Model business.

45.    Each document concerning the intended, proposed, or actual uses of any proceeds from Tectonic's sale of GO's business.

46.    Each financial statement for any period or as of any date during the time period January 1, 2002 through the present for Tectonic, Solutions, GO, BBN, CYP, or SpecSource.

47.    All documents concerning Tectonics or Solutions' decision that Solutions would publish and distribute a national print directory in 2005.

48.    All documents concerning the cost and expenses of Solutions' publishing and distributing a national print directory in 2005.

49.    All documents concerning Tectonic or Solutions' revenues from Solutions' publishing and distributing a national print directory in 2005.

50.    All documents reflecting any complaint by any customer(s) or others, concerning any of the products or services offered or provided by (i) the business of BBN, (ii) the business of CYP, or (iii) the business of SpecSource, whether before or after their acquisition by Tectonic.

51.    All documents reflecting any complaint by any customer(s) or others, concerning any of the products or services offered or provided by the Virtual Model business of Solutions.

52.    All documents concerning each actual or proposed contract whereby Solutions agreed to provide any services or products of Solutions' Virtual Model Business.

53.    All documents concerning communications between Tectonic or its attorneys, on the one hand, and any directors' and officers' liability insurer of Tectonic or the attorneys of such insurer, on the other hand, concerning this action or the claims described in the "Motion for an Order Approving the Appointment of an Official Committee of Equity Holders Pursuant to 11 U.S.C. §1102(a)(2)" in *In re Tectonic Network, Inc. and Tectonic Solutions, Inc.*, Case Nos. 05-78966 and 05-78955 (United States Bankruptcy Court, Northern District of Georgia).

54.    All documents concerning the non-competition agreement between John White and Tectonic.

55.    All documents concerning any employment or consulting agreement between Pecchio and Tectonic, entered into at any time during the period January 1, 2002 through June 2005.

56.    All documents concerning any services performed by Pecchio for Tectonic or Solutions or Pecchio's failure to perform services for Tectonic or Solutions during the period from February 1, 2002 through October 3, 2005.

57.    All documents concerning Wolford's performance as President and subsequently also as Chief Executive Officer of Tectonic or Solutions during the period from in or about February 2002 through August 2006.

58.    All documents concerning Krug's performance as Chief Financial Officer and Treasurer of Tectonic or Solutions during the period from in or about January 2003 through November 21, 2005.

59.    All documents concerning any residence, business office, mail address, or license maintained or used by John McRoberts in any state outside of Florida at any time during the period from the date of commencement of this action to and including the date of this Request.

60.    All documents concerning the termination of James Serio's employment with Solutions, including, but not limited to, (a) all documents concerning the reasons for such termination and (b) all notes and memoranda of any and all members of the special committee of the Board of Directors of Tectonic, concerning the proposed or actual termination of James Serio's employment with Solution.

61.    All notes or memoranda of any and all members of the special committee of the Board of Directors of Tectonic, concerning any interview or document review regarding James Serio's claim that his employment with Solutions was wrongfully terminated.

62.    All documents concerning any of the complaints, allegations, or claims of James Serio, set forth in the letter dated January 18, 2005 from Daniel M. Klein to Wolford and Krug, including, but not limited to, all documents concerning any investigation of, or response to any of such complaints, allegations, or claims.

13

63.    All documents concerning the numbers of "hits", visits, searches, or "click throughs" on or to the website maintained by the business of SpecSource before Tectonic's acquisition of such business.

64.    All documents concerning the numbers of "hits", visits, searches, or "click throughs" on or to the website maintained by the business of SpecSource after Tectonic's acquisition of such business.

65.    All documents concerning any of the complaints, allegations, or claims of James Serio, set forth in the letter dated March 18, 2005 from Daniel M. Klein to the Occupational Safety & Health Administration of the United States Department of Labor, including, but not limited to, all documents concerning any investigation of, or response to any of such complaints, allegations, or claims.

66.    Any and all documents identified in Defendants' Initial Disclosures in this action.

Dated: April 26, 2007

Ian Connor Bifferato (#3273)
Linda Richenderfer (#4138)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
Telephone: 302-429-1900
Facsimile: 302-429-8600

– and –

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Herbert C. Ross, Jr.
65 East 55th Street
New York, New York 10022
Telephone: 212-451-2300
Facsimile: 212-451-2222

*Attorneys for Plaintiff Ad Hoc Committee of
Equity Holders of Tectonic Network, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2007, a copy of Plaintiff's First Request to

Defendants for the Production of Documents was caused to be served by first class mail, unless

otherwise noted, upon the following:

Adam W. Poff, Esquire
William D. Johnston, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

By:  _____
Linda Richenderfer (#4138)
Bifferato Gentilotti LLC
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 429-1900

# EXHIBIT B

RECEIVED

JUL 1 6 2007

Bifferato Gentilotti LLC

*QR -*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., | |
| Plaintiff, | No. 06-665 (MPT) |
| v. | |
| AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR.; LAURA ROGERS; and THEO VANDERBOOM, | |
| Defendants. | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST TO DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Arol Wolford, Sherwin Krug, Charles McRoberts, John McRoberts, Charles Pecchio, Jr., Laura Rogers, and Theo VanderBoom (collectively, "Defendants"), by their attorneys, hereby respond to Plaintiff's First Request to Defendants for the Production of Documents ("Plaintiff's Requests"):

### GENERAL OBJECTIONS

1. Defendants object to the Instructions and Definitions contained in Plaintiff's Requests to the extent that they seek to impose burdens upon Defendants that differ from or exceed those authorized by the Federal Rules of Civil Procedure and/or the Local Rules for the District of Delaware.

2. Defendants also object to Plaintiff's Requests to the extent they seek information that pertains to matters which are not in dispute in this litigation and/or are

not reasonably calculated to lead to the discovery of admissible evidence in this matter.

3.    Defendants further object to Plaintiff's Requests to the extent that the information sought is subject to the attorney-client privilege or the work product doctrine, was obtained in anticipation of litigation or for trial, or is otherwise privileged or exempt from discovery.

4.    Defendants also object to Plaintiff's Requests to the extent they use vague, broad, ambiguous, or undefined terms and phrases which are subject to varying interpretations or meanings.

5.    Defendants also object to Plaintiff's Requests to the extent that the information requested is already within Plaintiff's possession or is accessible to Plaintiff as readily as it is to Defendants.

6.    Defendants object generally to Plaintiff's Request, including the definitions and instructions set forth therein, to the extent that they call for the disclosure of confidential information including, without limitation, confidential business information, trade secrets or information subject to any third-party confidentiality agreement, order and/or obligation.  Defendants will not disclose such confidential information without the protection of an appropriate protective order.  This objection is not a waiver of Defendants' other objections or an agreement to provide information if and when any protective order is entered.

7.    Defendants object generally to Plaintiff's Requests, including the definitions and instructions set forth therein, to the extent they seek information that is not in its possession, custody, or control.

## RESPONSES

Without waiving the foregoing general objections, which Defendants specifically incorporate by reference in each response below and which should be deemed as limiting each such response, Defendants respond to the numbered paragraphs of Plaintiff's Requests as follows:

### Request for Production of Documents No. 1

Each document concerning Tectonic's acquisition (through Solutions) of the business of BBN or the merger of BBN into Solutions.

### Response to Request for Documents No. 1.

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants further object to this request as vague and ambiguous. For example, it is not known what is meant by the phrase "concerning Tectonic's acquisition (through Solutions) of the business of BBN or the merger of BBN into Solutions." Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

### Request for Production of Documents No. 2

Each document concerning Tectonic's acquisition (through Solutions) of the business of CYP or substantially all of CYP's operating assets.

**Response to Request for Documents No. 2.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 3**

Each document concerning Tectonic's acquisition (through Solutions) of the business of SpecSource or substantially all of SpecSource's operating assets.

**Response to Request for Documents No. 3.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 4**

Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of BBN prior to their acquisition by Tectonic.

**Response to Request for Documents No. 4.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 5**

Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of CYP prior to their acquisition by Tectonic.

**Response to Request for Documents No. 5.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 6**

Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of SpecSource prior to their acquisition by Tectonic.

**Response to Request for Documents No. 6.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 7**

Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of BBN prior to their acquisition by Tectonic.

**Response to Request for Documents No. 7.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 8**

Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of CYP prior to their acquisition by Tectonic.

**Response to Request for Documents No. 8.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 9**

Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the business or assets of SpecSource prior to their acquisition by Tectonic.

**Response to Request for Documents No. 9.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 10**

Each document concerning the performance of the business of BBN after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 10.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 11**

Each document concerning the performance of the business of CYP after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 11.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 12**

Each document concerning the performance of the business of SpecSource after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 12.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 13**

Each document concerning the performance of Solutions.

**Response to Request for Documents No. 13.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 14**

Each document concerning the costs, expenses, or revenues of the business of SpecSource after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 14.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 15**

Each document concerning the costs, expenses, or revenues of the business of BBN after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 15.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 16**

Each document concerning the costs, expenses, or revenues of the business of CYP after the acquisition of such business by Tectonic.

**Response to Request for Documents No. 16.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case.  Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 17**

Each document concerning the costs, expenses, or revenues of the business of

Solutions.

**Response to Request for Documents No. 17.**

Defendants incorporate herein by reference their General Objections.  Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case.  Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 18**

Each document concerning the deliberations of, or considerations taken into

account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the

acquisition of the business or assets of BBN prior to their acquisition by Tectonic.

**Response to Request for Documents No. 18.**

Defendants incorporate herein by reference their General Objections.  Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 19**

Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any members thereof, concerning the acquisition of the business or assets of CYP prior to their acquisition by Tectonic.

**Response to Request for Documents No. 19.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 20**

Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the acquisition of the business or assets of SpecSource prior to their acquisition by Tectonic.

**Response to Request for Documents No. 20.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 21**

The minutes of each meeting of Tectonic's Board of Directors or any subcommittee thereof during the period from January 1, 2003 through August 2006.

**Response to Request for Documents No. 21.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 22**

Each document reflecting or containing any representation made to Tectonic's

Board of Directors, or any member(s) thereof, concerning the sale or proposed sale of the

business or assets of GO prior to such sale to VeriFone, Inc.

**Response to Request for Documents No. 22.**

Defendants incorporate herein by reference their General Objections. Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 23**

Each written presentation made to Tectonic's Board of Directors, or any

member(s) thereof, concerning the business of GO prior to the sale of such business to

VeriFone, Inc.

**Response to Request for Documents No. 23.**

Defendants incorporate herein by reference their General Objections. Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 24**

Each document concerning the deliberations of, or considerations taken into

account by, Tectonic's Board of Directors, or any member(s) thereof, concerning the sale

or proposed sale of the business of GO prior to prior to the sale of such business to

VeriFone, Inc.

**Response to Request for Documents No. 24.**

Defendants incorporate herein by reference their General Objections. Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 25**

All documents concerning any bonus or other compensation paid by Tectonic or

Solutions to Wolford, Krug, or any of the other Defendants.

**Response to Request for Documents No. 25.**

Defendants incorporate herein by reference their General Objections. Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 26**

All documents concerning any payment made or anticipated to be made by Tectonic or Solutions to John White under the non-competition agreement between him and Tectonic.

**Response to Request for Documents No. 26.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 27**

All documents concerning any payment made or anticipated to be made by Tectonic to Pecchio, under his employment agreement with Tectonic, as result of the sale of GO's business to VeriFone, Inc.

**Response to Request for Documents No. 27.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 28**

All documents concerning any payment made or anticipated to be made by Tectonic to Wolford, under his employment agreement with Tectonic, as result of the sale of the GO's business to VeriFone, Inc.

**Response to Request for Documents No. 28.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

## Request for Production of Documents No. 29

All promotional and advertising materials for the business of BBN whether used prior to or after Tectonic's acquisition of such business.

## Response to Request for Documents No. 29.

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

## Request for Production of Documents No. 30

All promotional and advertising materials for the business of CYP whether used prior to or after Tectonic's acquisition of such business.

## Response to Request for Documents No. 30.

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 31**

All promotional and advertising materials for the business of SpecSource whether used prior to or after Tectonic's acquisition of such business.

**Response to Request for Documents No. 31.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 32**

Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning any of the businesses or assets acquired by Tectonic from (i) BBN, (ii) CYP, or (iii) SpecSource after their acquisition by Tectonic.

**Response to Request for Documents No. 32.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 33**

Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning the businesses acquired by Tectonic from (i) BBN (such business later named "Tectonic Studio"), (ii) CYP (such business later named "Tectonic Print Directories"), or (iii) SpecSource (such business later named "Tectonic Online Directory") after their acquisition by Tectonic.

**Response to Request for Documents No. 33.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 34**

Each document concerning the deliberations of, or consideration teen into account by, Tectonic's Board of Directors, or any member(s) thereof, concerning any actual or

proposed investments in any of the businesses acquired by Tectonic from (i) BBN , (ii)

CYP, and (iii) SpecSource after their acquisition by Tectonic.

**Response to Request for Documents No. 34.**

      Defendants incorporate herein by reference their General Objections.  Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case.  Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at

a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 35**

      Each document concerning any business plan for any of the businesses acquired

by Tectonic from (i) BBN, (ii) CYP, and (iii) SpecSource, or the Virtual Model business

of Solutions.

**Response to Request for Documents No. 35.**

      Defendants incorporate herein by reference their General Objections.  Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case.  Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 36**

Each document concerning any financial projections for any of the businesses acquired by Tectonic from (i) BBN, (ii) CYP, and (iii) SpecSource, or the Virtual Model business of Solutions.

**Response to Request for Documents No. 36.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 37**

Each document reflecting or containing any representation made to Tectonic's Board of Directors, or any member(s) thereof, concerning Solutions' Virtual Model (also referred to as "Tectonic Models") business.

**Response to Request for Documents No. 37.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 38**

All documents concerning the Escrow Agreement.

**Response to Request for Documents No. 38.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Defendants further object to this request as vague and ambiguous. For example, it is not known what is meant by the phrase "the Escrow Agreement." Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 39**

All documents concerning the "settlement" of the Escrow Agreement, entered into on or about October 29, 2003, whereby 750,000 shares of stock of Tectonic were released on *a pro rata* basis to John McRoberts, Charles McRoberts, and Pecchio,

including, but not limited to, all documents concerning the terms of such settlement and the negotiation of such settlement.

**Response to Request for Documents No. 39.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Defendants further object to this request as vague and ambiguous. For example, it is not known what is meant by the phrase "the Escrow Agreement." Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 40**

All documents concerning any actual or proposed financing for, or loan to, Tectonic, made or proposed at any time during the period January 1, 2002 through October 3, 2005.

**Response to Request for Documents No. 40.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 41**

Each written presentation made to Tectonic's Board of Directors, or any member(s) thereof, concerning Solutions' Virtual Model business.

**Response to Request for Documents No. 41.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 42**

Each document concerning the deliberations of, or considerations taken into account by, Tectonic's Board of Directors, or any members thereof, concerning any investment(s) in Solutions' Virtual Model business.

**Response to Request for Documents No. 42.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 43**

Each document concerning the performance of Solutions' Virtual Model business.

**Response to Request for Documents No. 43.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 44**

Each document concerning the costs, expenses, or revenues of Solutions' Virtual Model business.

**Response to Request for Documents No. 44.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 45**

Each document concerning the intended, proposed, or actual uses of any proceeds from Tectonic's sale of GO's business.

**Response to Request for Documents No. 45.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 46**

Each financial statement for any period or as of any date during the time period January 1, 2002 through the present for Tectonic, Solutions, GO, **BBN,** CYP, or SpecSource.

**Response to Request for Documents No. 46.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 47**

All documents concerning Tectonics or Solutions' decision that Solutions would publish and distribute a national print directory in 2005.

**Response to Request for Documents No. 47.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 48**

All documents concerning the cost and expenses of Solutions' publishing and distributing a national print directory in 2005.

**Response to Request for Documents No. 48.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 49**

All documents concerning Tectonic or Solutions' revenues from Solutions' publishing and distributing a national print directory in 2005.

**Response to Request for Documents No. 49.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 50**

All documents reflecting any complaint by any customer(s) or others, concerning any of the products or services offered or provided by (i) the business of BBN, (ii) the business of CYP, or (iii) the business of SpecSource, whether before or after their acquisition by Tectonic.

**Response to Request for Documents No. 50.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 51**

All documents reflecting any complaint by any customer(s) or others, concerning any of the products or services offered or provided by the Virtual Model business of Solutions.

**Response to Request for Documents No. 51.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 52**

All documents concerning each actual or proposed contract whereby Solutions agreed to provide any services or products of Solutions' Virtual Model Business.

**Response to Request for Documents No. 52.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce all non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 53**

All documents concerning communications between Tectonic or its attorneys, on the one hand, and any directors' and officers' liability insurer of Tectonic or the attorneys of such insurer, on the other hand, concerning this action or the claims described in the "Motion for an Order Approving the Appointment of an Official Committee of Equity

Holders Pursuant to 11 U.S.C. § 1102(a)(2)" in *In re Tectonic Network, Inc. and Tectonic Solutions, Inc.*, Case Nos. 0578966 and 05-78955 (United States Bankruptcy Court, Northern District of Georgia).

**Response to Request for Documents No. 53.**

      Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Defendants also object to this request because the information requested is already within Plaintiff's possession and is public record, and is therefore as accessible to Plaintiff as readily as it is to Defendants.

**Request for Production of Documents No. 54**

      All documents concerning the non-competition agreement between John White and Tectonic.

**Response to Request for Documents No. 54.**

      Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 55**

All documents concerning any employment or consulting agreement between Pecchio and Tectonic, entered into at any time during the period January 1, 2002 through June 2005.

**Response to Request for Documents No. 55.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 56**

All documents concerning any services performed by Pecchio for Tectonic or Solutions or Pecchio's failure to perform services for Tectonic or Solutions during the period from February 1, 2002 through October 3, 2005.

**Response to Request for Documents No. 56.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 57**

All documents concerning Wolford's performance as President and subsequently also as Chief Executive Officer of Tectonic or Solutions during the period from in or about February 2002 through August 2006.

**Response to Request for Documents No. 57.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 58**

All documents concerning Krug's performance as Chief Financial Officer and Treasurer of Tectonic or Solutions during the period from in or about January 2003 through November 21, 2005.

**Response to Request for Documents No. 58.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 59**

All documents concerning any residence, business office, mail address, or license maintained or used by John McRoberts in any state outside of Florida at any time during the period from the date of commencement of this action to and including the date of this Request.

**Response to Request for Documents No. 59.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce relevant non-privileged documents in their possession, if any such documents

exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 60**

All documents concerning the termination of James Serio's employment with

Solutions, including, but not limited to, (a) all documents concerning the reasons for such

termination and (b) all notes and memoranda of any and all members of the special

committee of the Board of Directors of Tectonic, concerning the proposed or actual

termination of James Serio's employment with Solution.

**Response to Request for Documents No. 60.**

Defendants incorporate herein by reference their General Objections. Defendants

also object to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to

the discovery of admissible evidence because it is not limited in scope or duration or to

the facts of this case. Subject to and without waiving these objections, Defendants will

produce relevant non-privileged documents in their possession, if any such documents

exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 61**

All notes or memoranda of any and all members of the special committee of the

Board of Directors of Tectonic, concerning any interview or document review regarding

James Serio's claim that his employment with Solutions was wrongfully terminated.

**Response to Request for Documents No. 61.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 62**

All documents concerning any of the complaints, allegations, or claims of James Serio, set forth in the letter dated January 18, 2005 from Daniel M. Klein to Wolford and Krug, including, but not limited to, all documents concerning any investigation of, or response to any of such complaints, allegations, or claims.

**Response to Request for Documents No. 62.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will

produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 63**

All documents concerning the numbers of "hits", visits, searches, or "click throughs" on or to the website maintained by the business of SpecSource before Tectonic's acquisition of such business.

**Response to Request for Documents No. 63.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 64**

All documents concerning the numbers of "hits", visits, searches, or "click throughs" on or to the website maintained by the business of SpecSource after Tectonic's acquisition of such business.

**Response to Request for Documents No. 64.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence.

Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 65**

All documents concerning any of the complaints, allegations, or claims of James Serio, set forth in the letter dated March 18, 2005 from Daniel M. Klein to the Occupational Safety & Health Administration of the United States Department of Labor, including, but not limited to, all documents concerning any investigation of, or response to any of such complaints, allegations, or claims.

**Response to Request for Documents No. 65.**

Defendants incorporate herein by reference their General Objections. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or Rule 408 of the Federal Rules of Evidence. Defendants also object to this request as unduly burdensome and not calculated to lead to the discovery of admissible evidence because it is not limited in scope or duration or to the facts of this case. Subject to and without waiving these objections, Defendants will produce relevant non-privileged documents in their possession, if any such documents exist, at a time and place mutually agreeable to the parties.

**Request for Production of Documents No. 66**

Any and all documents identified in Defendants' Initial Disclosures in this action.

**Response to Request for Documents No. 66.**

Defendants incorporate herein by reference their General Objections.  Subject to

and without waiving these objections, Defendants will produce documents in their

possession at a time and place mutually agreeable to the parties.

Dated: July 13, 2007

Respectfully submitted,

By:

J. Allen Maines
John G. Parker
Michael D. Grider
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
600 Peachtree Street, Suite 2400
Atlanta, GA  30308
Telephone:   (404) 815-2400
Facsimile:   (404) 815-2424

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
William D. Johnston (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone:   (302) 571-6672

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2007, a true and exact copy of the

foregoing **Defendants' Objections and Responses to Plaintiff's First Request to**

**Defendants for the Production of Documents** was served by U.S. First Class Mail, with

adequate postage affixed thereto to ensure delivery, upon the following counsel of record:

Ian Connor Bifferato
Linda Richenderfer
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801

Herbert C. Ross, Jr.
OLSHAN GRUNDMAN FROME ROSENZWEIG
 & WOLOSKY LLP
65 East 55th Street
New York, New York 10022

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Michael D. Grider