## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 06-665- GMS-MPT |
| AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR. ; LAURA ROGERS; and THEO VANDERBOOM, | : : : : : : : | |
| Defendants. | : : | |

### ANSWER

Pursuant to Fed. R. Civ. P. 12(a), Defendants respond to Plaintiff's Amended Complaint (the "Complaint") as follows:

### FIRST DEFENSE

The Complaint and each count thereof fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants respond to the separately-numbered paragraphs of the Complaint as follows:

#### The Parties

1.      Answering paragraph 1, these Defendants admit that on or about April 12, 2006, an Order was entered in the United States Bankruptcy Court for the Northern District of Georgia in the jointly administered case, number 05-78966, pertaining to the "Ad Hoc Committee of

Equity Holders," which Order purports to allow the pursuit of certain claims against the directors and officers of Tectonic Network, Inc. and Tectonic Solutions, Inc., which Order speaks for itself as to form, content and legal effect. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to and characterizing the Committee and therefore can neither admit nor deny those allegations. Defendants deny that this lawsuit was allowed by the aforesaid Order. All allegations not expressly admitted herein are denied. Two members of the Plaintiff, Harris Freedman and Sharon Will, have been accused of securities fraud previously, and named as defendants in securities class action lawsuits involving Amplidyne, Inc. Defendants do not believe Plaintiff or these individuals are suitable representatives or that they will fairly and adequately represent the interests of those on whose behalf they purport to act. The Consolidated Amended Complaint in that matter alleged:

> It has been reported that Defendant Freedman has been associated with at least two companies against which the New York State Attorney General issued indictments for stock manipulation.

> \* \* \*

> Defendant Freedman also served as a Vice President of MusicSource USA, Inc. which was delisted by NASDAQ in April 1999. Freedman is associated with or controls SMACS, which also was involved with Netsmart Technologies, Inc., as well as Sequential Information Systems, Inc., a widely held penny stock company that, as one reporter has described it, "has vanished from the public view." Freedman is also a Vice President of Hemispherix Biopharma, Inc., which has drawn criticism from market analysts for making false statements . . ..

> \* \* \*

> . . . Freedman may have sold additional shares of Amplidyne stock in the open market without filing a disclosure form.

> \* \* \*

> Defendant Sharon Will

* * *

has been associated with at least two companies against which the New York State Attorney General issued indictments for stock manipulation.

* * *

. . . Will may have sold additional shares of Amplidyne stock in the open market without filing a disclosure form.

* * *

All defendants are liable as participants in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Amplidyne common stock and warrants by disseminating materially false and misleading statements and/or concealing material adverse facts.  The scheme:  (i) deceived the investing public regarding Amplidyne's business prospects and potential for growth, new product quality, capabilities and capacities, and the intrinsic value of Amplidyne common stock and warrants; and (ii) caused plaintiffs and other members of the Class to purchase Amplidyne common stock and warrants at artificially inflated prices.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

3.      Defendant Wolford admits that he is an individual citizen of the state of Georgia. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

4.      In response to paragraph 4, Defendant Wolford admits that he served as a member of the Board of Directors of Tectonic Network, as the President of Tectonic Network, and as the Chief Executive Officer of Tectonic Network.  Defendant Wolford further admits that he has served as an officer and director of Tectonic Solutions.  Defendants are without personal

3

knowledge or information sufficient to form a belief as to the truth of the other allegations with precision, and therefore can neither admit nor deny those allegations at this time. All allegations not expressly admitted herein are denied.

5.       Defendant Krug admits that he is an individual citizen of the state of Georgia. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

6.       Defendant Krug admits the allegations contained in paragraph 6. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

7.       Defendant Charles McRoberts admits that he is an individual citizen of the state of Georgia. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

8.       Defendant John McRoberts denies that he is an individual citizen of the state of Alabama. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

9.       Defendant Pecchio admits that he is an individual citizen of the State of Georgia but denies that he served in all of the positions set forth in the Complaint on the dates associated with these positions. The other Defendants are without knowledge or information sufficient to

4

form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

10.    Defendant Rogers admits that she is an individual citizen of the state of Georgia. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

11.    Defendant VanderBoom admits that he is an individual citizen of the state of Georgia. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

12.    The allegations of this paragraph are denied.

13.    In response to paragraph 13, these Defendants admit that Tectonic Network formerly was known as Return on Investment Corporation, and was a publicly-traded company. Defendants show that the bankruptcy petition of Tectonic Network, Inc. speaks for itself as to form, content and legal effect. All allegations not expressly admitted herein are denied.

14.    The allegations of this paragraph are denied.

15.    In response to paragraph 15, these Defendants admit that Tectonic Network and Tectonic Solutions filed petitions in the United States Bankruptcy Court for the Northern District of Georgia for relief under Chapter 11 of the Bankruptcy Code. These Defendants further admit that these two separate cases were jointly administered, but are without personal or knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and, therefore, can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

DB02:6910827.1                                                                    065840.1001

16.     In response to paragraph 16, all Defendants except Wolford and Charles McRoberts are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  Defendant Wolford and Charles McRoberts deny that Wolford owns all of the currently issued and outstanding shares of stock in Tectonic Network.  All allegations not expressly admitted herein are denied.

Jurisdiction and Venue

17.     The allegations of this paragraph are denied.

18.     The allegations of this paragraph are denied.

Nature of This Action

19.     Paragraph 19 requires no response from these Defendants.  To the extent that a response is required, the allegations of paragraph 19 are denied.

**BACKGROUND**

The Acquisitions of and Investments in Companies Controlled by Defendant Wolford

20.     The allegations of paragraph 20 are admitted.

21.     The allegations of this paragraph are denied.

22.     In response to paragraph 22, these Defendants admit that Tectonic Network merged with BBN Acquisition, Inc. ("BBN"), that Tectonic Network purchased the operating assets of Construction Yellow Pages LLC ("CYP") and that Tectonic Network purchased substantially all of the operating assets of SpecSource.com ("SpecSource").  Defendant Wolford also admits that he was a shareholder in BBN, CYP and SpecSource at the time of these transactions.  The agreements pursuant to which these transactions were consummated speak for themselves as to form, content and legal effect.  The Defendants other than Wolford are without personal knowledge or information sufficient to form a belief as to the truth of the remaining

6

allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

23.    The allegations of this paragraph are denied.

24.    The allegations of this paragraph are denied.

25.    The allegations of this paragraph are denied.

26.    The allegations of this paragraph are denied.

27.    The allegations of this paragraph are denied.

28.    The allegations of this paragraph are denied.

29.    The allegations of this paragraph are denied.

30.    In response to paragraph 30, these Defendants show that the Form 10-KSB for fiscal year 2004 filed by Tectonic Network with the SEC speaks for itself as to form, content and legal effect. All allegations not expressly admitted herein are denied.

31.    In response to paragraph 31, these Defendants show that purported agreements between John McRoberts, Charles McRoberts and Pecchio with Tectonic Network speak for themselves as to form, content and legal effect. All allegations not expressly admitted herein are denied.

32.    In response to paragraph 32, these Defendants admit that there came a time in which certain directors would receive a part of escrowed shares which would be released from escrow and in part used as consideration for certain business combinations, acquisitions and mergers. These defendants further admit that the number of shares released from escrow were approximately 2.85 million shares and that upon the occurrence of certain events or conditions the stated number of shares in the Complaint were transferred to the named individuals therein. The agreements pertaining to the series of transactions referred to in paragraph 32 speak for

7

themselves as to form, content and legal effect.  All allegations not expressly admitted herein are denied.

33.    The allegations of this paragraph are denied.

34.    The allegations of this paragraph are denied.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

The SpecSource Fraud

36.    The allegations of paragraph 36 are admitted.

37.    The allegations of paragraph 37 are admitted as a general proposition.

38.    The allegations of this paragraph are denied.

39.    The allegations of this paragraph are denied.

40.    The allegations of this paragraph are denied.

41.    In response to paragraph 41, these Defendants show that the allegations, the facts upon which they are predicated, and the assumptions underlying them are so vague and ambiguous as to render them incapable of any meaningful response.  Alternatively, some or all of these Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

43.    The allegations of this paragraph are denied.

44.    The allegations of this paragraph are denied.

45.    The allegations of this paragraph are denied.

46.    The allegations of paragraph 46 are admitted.

47.    In response to paragraph 47, these Defendants, other than Wolford, are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  Defendant Wolford denies the allegations.  All allegations not expressly admitted herein are denied.

48.    The allegations of this paragraph are denied.

49.    The allegations of this paragraph are denied.

50.    The allegations of this paragraph are denied.

51.    In response to paragraph 51, these Defendants show that the SpecSource agreement speaks for itself as to form, content and legal effect.  All allegations not expressly admitted herein are denied.

52.    In response to paragraph 52, these Defendants show that the SpecSource agreement speaks for itself as to form, content and legal effect.  All allegations not expressly admitted herein are denied.

53.    The allegations of this paragraph are denied.

54.    The allegations of this paragraph are denied.

<u>The Fraudulent Practices in the Acquired Businesses</u>

55.    The allegations of this paragraph are denied.

56.    The allegations of this paragraph are denied.

57.     In response to paragraph 57, these Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

58.     The allegations of this paragraph are denied.

<u>The Virtual Building Model Fraud</u>

59.     In response to paragraph 59, Defendants admit that Wolford suggested a virtual model business that would offer the service of converting two-dimensional building construction plans into three-dimensional building models, and that they believed this might expedite the construction of buildings.  All allegations not expressly admitted herein are denied.

60.     The allegations of this paragraph are denied.

61.     The allegations of this paragraph are denied.

62.     The allegations of this paragraph are denied.

63.     The allegations of this paragraph are denied.

64.     The allegations of this paragraph are denied.

65.     The allegations of this paragraph are denied.

66.     The allegations of this paragraph are denied.

67.     The allegations of this paragraph are denied.

68.     The allegations of this paragraph are denied.

69.     The allegations of this paragraph are denied.

70.     The allegations of this paragraph are denied.

71.     In response to paragraph 71, these Defendants admit that a non-compete covenant was not obtained from RCMS before RCMS itself was retained.  All allegations not expressly admitted herein are denied.

DB02:6910827.1                                   065840.1001

72.    The allegations of this paragraph are denied.

73.    The allegations of this paragraph are denied.

74.    The allegations of paragraph 74 are admitted.

75.    The allegations of paragraph 75 are admitted.

76.    In response to paragraph 76, these Defendants show that Tectonic Network did not retain any outside individual or entity to conduct market research of the type described in the Complaint.  Defendants admit that internal market research was performed from time to time, and it is possible that some employees may have believed that advertisers prefer to advertise in vertical directories.  All allegations not expressly admitted herein are denied.

77.    The allegations of this paragraph are denied.

<u>The Sale of Sale GO Software</u>

78.    The allegations of this paragraph are denied.

79.    The allegations of paragraph 79 are admitted.

80.    The allegations of this paragraph are denied.

81.    The allegations of this paragraph are denied.

82.    In response to paragraph 82, these Defendants show that the agreement between Tectonic Network and VeriFone, Inc., speaks for itself as to form, content and legal effect.  All allegations not expressly admitted are denied.

83.    The allegations of this paragraph are denied.

84.    The allegations of this paragraph are denied.

85.    The allegations of this paragraph are denied.

86.    The allegations of this paragraph are denied.

87.    The allegations of this paragraph are denied.

DB02:6910827.1                                                                                065840.1001

88.     The allegations of this paragraph are denied.

89.     In response to paragraph 89, these Defendants admit that GO Software, a wholly-owned subsidiary of Tectonic Network, was sold in or about February, 2005.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the amount of fees, and therefore cannot neither admit nor deny those allegations.  Any allegations not expressly admitted herein are denied.

90.     The allegations of this paragraph are denied.

91.     The allegations of this paragraph are denied.

<u>The Wrongful Payments to Wolford and His Confederates</u>

92.     The allegations of this paragraph are denied.

93.     In response to paragraph 93, these Defendants show that the Form 10-KSB filed by Tectonic Network with the SEC on June 30, 2004, and Form SB-2/A filed by Tectonic Network with the SEC on June 28, 2005, speak for themselves as to form, content and legal effect.  All allegations not expressly admitted herein are denied.

94.     In response to paragraph 94, these Defendants admit that the $5.25 million dollar threshold was never met organically.  All allegations not expressly admitted herein are denied.

95.     The allegations of this paragraph are denied.

96.     The allegations of this paragraph are denied.

97.     The allegations of this paragraph are denied.

98.     The allegations of this paragraph are denied.

99.     The allegations of this paragraph are denied.

## AS A FIRST CLAIM FOR RELIEF

### (Defendant Wolford – Fraud)

100.    In response to paragraph 100, these Defendants repeat and reallege their responses to all preceding paragraphs of the Complaint incorporated by reference herein, and adopt and incorporate the same as if fully set forth herein, as their response to this paragraph.

101.    The allegations of this paragraph are denied.

102.    The allegations of this paragraph are denied.

103.    In response to paragraph 103, these Defendants show that the allegations, the facts upon which they are predicated, and the assumptions underlying them are so vague and ambiguous as to render them incapable of any meaningful response.  Defendant Wolford denies that he made any untrue representations of material fact.  All allegations not expressly admitted herein are denied.

104.    The allegations of this paragraph are denied.

## AS A SECOND CLAIM FOR RELIEF

### (Defendant Wolford – Breaches of Fiduciary Duties)

105.    In response to paragraph 105, these Defendants repeat and reallege their responses to all preceding paragraphs of the Complaint incorporated by reference herein, and adopt and incorporate the same as if fully set forth herein, as their response to this paragraph.

106.    In response to paragraph 106, these Defendants recognize that in certain circumstances directors and officers owe fiduciary duties to the corporate entities for whom they work, but by way of further answer show that said paragraph contains vague legal conclusions and non-factual material requiring no response from these Defendants.  Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining

13

allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

107. The allegations of this paragraph are denied.

108. The allegations of this paragraph are denied.

109. The allegations of this paragraph are denied.

AS A THIRD CLAIM FOR RELIEF

(Defendant Krug – Breach of Fiduciary Duties)

110. In response to paragraph 110, these Defendants repeat and reallege their responses to all preceding paragraphs of the Complaint incorporated by reference herein, and adopt and incorporate the same as if fully set forth herein, as their response to this paragraph.

111. In response to paragraph 111, these Defendants recognize that in certain circumstances directors and officers owe fiduciary duties to the corporate entities for whom they work, but by way of further answer show that said paragraph contains vague legal conclusions and non-factual material requiring no response from these Defendants. Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore can neither admit nor deny those allegations. All allegations not expressly admitted herein are denied.

112. The allegations of this paragraph are denied.

113. In response to paragraph 113, these Defendants recognize that in certain circumstances directors and officers owe fiduciary duties to the corporate entities for whom they work, but by way of further answer show that said paragraph contains vague legal conclusions and non-factual material requiring no response from these Defendants. Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining

14

allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

114.    The allegations of this paragraph are denied.

115.    The allegations of this paragraph are denied.

## AS A FOURTH CLAIM FOR RELIEF

(The Director-Defendants – Breaches of Fiduciary Duties)

116.    In response to paragraph 116, these Defendants repeat and reallege their responses to all preceding paragraphs of the Complaint incorporated by reference herein, and adopt and incorporate the same as if fully set forth herein, as their response to this paragraph.

117.    In response to paragraph 117, these Defendants recognize that in certain circumstances directors and officers owe fiduciary duties to the corporate entities for whom they work, but by way of further answer show that said paragraph contains vague legal conclusions and non-factual material requiring no response from these Defendants.  Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore can neither admit nor deny those allegations.  All allegations not expressly admitted herein are denied.

118.    The allegations of this paragraph are denied.

119.    The allegations of this paragraph are denied.

120.    The allegations of this paragraph are denied.

121.    In response to paragraph 121, these Defendants deny that they did not procure any independent evaluations mentioned therein, and by way of further answer show that they obtained an independent audit of the businesses.  All allegations not expressly admitted herein are denied.

122.    The allegations of this paragraph are denied.

123.    The allegations of this paragraph are denied.

124.    The allegations of this paragraph are denied.

125.    The allegations of this paragraph are denied.

**FURTHER DEFENSES AND SET OFF CLAIMS
TO ALL COUNTS OF THE COMPLAINT**

The Complaint in this action is procedurally flawed and inconsistent, sometimes seemingly asserting derivative claims, sometimes purporting to assert the types of claims one would find in a class action (but without obtaining class certification), and sometimes appearing to assert direct actions. Each of these gives rise to numerous different defenses and arguments as to why the Complaint is procedurally and substantively defective. Thus, certain of the following defenses and claims for set off and recoupment only would apply in certain situations, but nevertheless are asserted herein until the foregoing inconsistencies are clarified.

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants plead the following defenses and claims in the nature of set off and recoupment:

**THIRD DEFENSE**

Plaintiff's claims are defective because of the unavailability of the fraud-on-the-market presumption or the group pleading or group published information doctrines.

**FOURTH DEFENSE**

Plaintiff cannot recover against these Defendants based upon the allegations of the Complaint because at all times relevant to the allegations made in the Complaint, the actions of these Defendants have been taken in good faith, and every act or omission alleged was done or

16

omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and further were within the Defendants' judgment. Defendants had no knowledge or reasonable grounds to believe in the existence of facts by reason of which their liability is alleged to exist.

## FIFTH DEFENSE

Defendants are not liable to Plaintiff, in whole or in part, for the reason that if Plaintiff sustained damages as a result of the occurrences alleged, said damages were due, solely or partly to, and were proximately caused by Plaintiff's failure to exercise reasonable care to discover the facts relating to the alleged misstatements or omissions, or by the fault and negligence of Plaintiff or its members, which negligence preponderated over any alleged act or omission by Defendants and was the cause in fact of Plaintiff's damages, if any. Plaintiff or its members purchased their securities with actual or constructive knowledge of the risks inherent in the industry and assumed the risk that their stock would decline in value if one or more of the risks inherent to the industry or advised to them by Defendants occurred.

## SIXTH DEFENSE

Plaintiff lacks standing to assert some or all the claims alleged in the Complaint and do not meet the requirements of Rule 23.

## SEVENTH DEFENSE

Plaintiff has waived and is barred, lached, and estopped from asserting its claims, in whole or in part, against these Defendants, among other things, because of its own actions or inactions or the actions or inactions of its members, officers, agents, attorneys, privies or predecessors in interest, thereby releasing Defendants from liability, if any existed.

## EIGHTH DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because it has failed to join indispensable parties.

## NINTH DEFENSE

These Defendants are not liable to the Plaintiff because the basis of Plaintiff's claims, in whole or in part, is void and illegal, because Plaintiff's members would have purchased stock even with full knowledge of the facts alleged to be misrepresented or omitted, and because such facts were known to and entered the securities market through credible sources.

## TENTH DEFENSE

Plaintiff or its members, privies or predecessors in interest has failed to perform all conditions precedent to these Defendants' liability, in whole or in part, including but not limited to and if and to the extent applicable, failing to adequately and properly comply with the provisions of Fed. R. Civ. P. 23 and 9, the Private Securities Litigation Reform Act of 1995, which also bars Plaintiff's claims, and state laws of taxation and recordation, and by failure to exercise ordinary diligence to discover, or to reasonably rely upon, alleged representations or actions of Defendants. Plaintiff's claims are barred, in whole or in part, by the statute of frauds, if applicable, by applicable statutes of limitations or doctrine of repose, or by the doctrine of laches.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction, failure of consideration or payment and to the extent that the Defendants, or any of them, are entitled to set off or recoup monies from any of the Plaintiff's members.

DB02:6910827.1                                                      065840.1001

## TWELFTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, because the Defendants breached no duty owed to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims possibly are barred, in whole or in part, by the doctrines of issue preclusion, including but not limited to res judicata, collateral estoppel, judicial estoppel and abatement, and because some or all of Plaintiff's members failed to comply with requirements imposed by the bankruptcy laws or otherwise to assert their claims in the aforesaid, bankruptcy action.

## FOURTEENTH DEFENSE

Plaintiff's claims are not available because Defendants at all times acted in good faith and made no misrepresentations of fact to the Plaintiff or to the entities in which they may have held stock; by Plaintiff's failure to reasonably and/or justifiably rely on any actions taken by Defendants and failure to exercise due diligence; by Defendants' lack of scienter and/or intent as demonstrated through, among other things, Defendants' good faith reliance on advice of counsel and others. Due to disclosures made to Plaintiff's members and other public information, Plaintiff's members assumed the risk of those items they complain of and may be deemed to be contributorily negligent.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has suffered no legally cognizable damages and because of the absence of causation and loss causation.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovering against these Defendants in part because of the doctrine of pre-emption.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred and are not available, in whole or in part, by the failure of Plaintiff's members to mitigate their damages.

## EIGHTEENTH DEFENSE

The matters complained about by Plaintiff were not misleading or material, constitute mere conclusory inferences or general statements of opinions and optimism, or were true and accurate statements which, after reasonable investigation, Defendants believed to be accurate. Information and risk factors alleged to have been omitted were either obvious, available to the market from a variety of sources, or constitute vague contingencies or speculation or puffery about the future. Forward-looking statements allegedly relied upon by Plaintiff or its members were accompanied by adequate cautionary language and fail to support Plaintiff's allegations under the bespeaks caution doctrine or applicable safe harbor rules. Moreover, the alleged misrepresentations or omissions were not the reason for the decline in the share price of the stock, or for the purported wrongful corporate actions, and were not induced by those Defendants alleged to be controlling persons, all of whom acted in good faith, without scienter, and in the exercise of due diligence.

## NINETEENTH DEFENSE

The relief sought by the Plaintiff is unavailable and Plaintiff is barred, and estopped from seeking it, because, upon information and belief, one or more "members" of Plaintiff, a purported unincorporated association, has committed illegal acts in violation of numerous state

and federal laws designed to regulate the securities and investment industries, and the purchase

and sale of securities, and because Plaintiff and/or certain of its members or those acting in

league with them have engaged in illegal trading activity and misconduct, possibly including,

upon information and belief, trading while in possession of inside information, short-swing sales

and illegal stock price manipulation.

## TWENTIETH DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because, to the extent that

Plaintiff is relying on non-written material to support its claims, Plaintiff is barred by the Statute

of Frauds and the Parol Evidence Rule.

## TWENTY FIRST DEFENSE

Plaintiff is barred from recovering against this Defendant based on the allegations of the

Complaint because of Plaintiff's or Plaintiff's member's fraud and unclean hands.

## TWENTY SECOND DEFENSE

Plaintiff cannot recover against this Defendant based on an alleged contract of association

which does not exist or is too vague and indefinite to be enforced.  Plaintiff lacks capacity to sue

in a representative capacity.

## TWENTY THIRD DEFENSE

No recovery can be had against this Defendant in this action because at all times

Defendant was acting in good faith and Defendant's actions are governed and protected by the

business judgment rule.

## TWENTY FOURTH DEFENSE

The relief sought by the Plaintiff is unavailable to the extent that any Defendant is

entitled to set off or to recoup monies from the Plaintiff and its members including, but not

limited to, monies in excess of those sought by the Plaintiff. Defendants lost substantial sums of money due of the actions of one or more of Plaintiff's members, some of which are believed to have violated the law.

## TWENTY FIFTH DEFENSE

Plaintiff is not entitled to recover punitive damages, if any are being sought, against Defendants in this action, in that no conduct in this action justifies the imposition of punitive damages, and that an award of punitive damages in this action would violate the United States constitution and the Georgia constitution.

## TWENTY SIXTH DEFENSE

The claims alleged by the Plaintiff in the Amended Complaint are barred by the doctrine of non-interference.

## TWENTY SEVENTH DEFENSE

Plaintiff, as an alleged member of an alleged unincorporated association, is not permitted to pursue claims against other alleged members of the alleged unincorporated association, or the alleged unincorporated association itself.

## TWENTY EIGHTH DEFENSE

Plaintiff has failed to comply or plead compliance with possible applicable conditions precedent to the bringing of its claim, including but not limited to demand and other conditions precedent to the bringing of a derivative claim, or alternatively, a direct action, and to the extent that Plaintiff contends that an association exists, compliance with the internal procedures of the association. Plaintiff has also failed to identify (and therefore plead compliance with) governing association documents and procedures.

### TWENTY NINTH DEFENSE

The Complaint fails to satisfy the conditions precedent to filing a direct action or a derivative suit insofar as it fails to allege that each member of the Plaintiff, a purported unincorporated association, was a shareholder who sustained a special injury, and was a shareholder of each corporate entity at the time of the alleged wrongdoing and when suit was filed, among other requirements.

### THIRTIETH DEFENSE

Defendants' actions and decisions were business decisions and, in the case of those Defendants who served as Directors, were made by them as disinterested directors acting on an informed basis, in good faith, and in honest belief that their actions were in the corporation's best interest. To the extent any Defendants were interested directors, the actions taken were in accordance with those procedures governing interested directors' transactions.

### THIRTY FIRST DEFENSE

To the extent that Plaintiff or any of its members complain about any of the mergers or acquisitions mentioned in the Complaint, their sole and exclusive remedy as shareholders is the right to a valuation of their shares.

### THIRTY SECOND DEFENSE

The relief sought by Plaintiff is unavailable because one or more of Plaintiff's "members" either voted in favor of actions taken by the Board of Directors, or as consultants either advised in favor of said actions or failed to raise with the Board of Directors at the time of said actions the concerns underlying the claims herein.

### THIRTY THIRD DEFENSE

Plaintiff has failed to plead fraud with the requisite particularity.

## THIRTY FOURTH DEFENSE

Plaintiff cannot recover on the allegations of the Complaint because Plaintiff received value giving rise to the defenses of payment, accord and satisfaction, and, by possible implication, license and release.

## THIRTY FIFTH DEFENSE

The claims stated in the Complaint exceed the scope of those claims permitted by the United States Bankruptcy Court.

## THIRTY SIXTH DEFENSE

Defendants further assert that they are entitled to set off and recoup monies against the Plaintiff and/or its individual members, based on the following:

1.     Plaintiff and/or some or all of its members has, with malice, conspired to destroy the personal reputation of some or all of the defendants, committing these wrongs unjustifiably and maliciously and using the façade of a federal lawsuit to air baseless accusations at some or all of the defendants, and to broadcast these accusations to the public.

2.     Defendants claims in set off and recoupment against the Plaintiff and/or its members arise, among others, under legal theories of conspiracy, defamation, interference with current and perspective business and contractual relations, wrongful litigation, fraud, breach of fiduciary duty and the prima facie tort.

3.     Defendants demand that this claim of set off and recoupment be served upon each member of the purported Plaintiff unincorporated association, which members at this time Defendants cannot name to a certainty due to lack of knowledge of their identities and/or actions.

4.     Plaintiff and its members are co-conspirators of each other and one another's agents, and, accordingly, the actions of any of them bind the others.

5.      Some of the members of Plaintiff, upon information and belief, have breached fiduciary duties by among other things engaging in stock price manipulation of Tectonic Network's stock.

6.      Plaintiff and some or all of its members have combined in a common scheme, plan or design to accomplish by concert an unlawful purpose, to accomplish a purpose not in itself unlawful by unlawful means, or to accomplish an unlawful purpose by unlawful means.

7.      Some or all of the members of Plaintiff unincorporated association, upon information and belief, served as officers and/or directors of BBN Acquisition, Inc. ("BBN"), Construction Yellow Pages LLC ("CYP"), or SpecSource.com, Inc. ("SpecSource") (these three entities collectively are referred to as "the Companies").  These individuals owed fiduciary duties to the entities in which they served as officers and/or directors.

8.      Some of the members of Plaintiff unincorporated association, upon information and belief, were employees of one or more of the Companies.

9.      Certain members of the Plaintiff unincorporated association, upon information and belief had knowledge of the matters about which Plaintiff complains at or before the times of the transactions with Tectonic Network, Inc.  These individuals breached their fiduciary duties and defrauded Defendants into entering into the transactions that are subject of the Complaint. Subsequent to these transactions, some or all of the members of the Plaintiff unincorporated association, upon information and belief, continued to serve as officers, directors or employees of the Companies, and continued to owe fiduciary duties in connection therewith.  These members concealed their knowledge from Defendants and from Tectonic Network, Inc. and its affiliates, and either perpetuated their fraud or further breached fiduciary duties.  Defendants,

like Plaintiff's members, were shareholders of Tectonic Network, Inc., and sustained damages as a result thereof.

10.    Some or all of the members of the Plaintiff unincorporated association voted in favor of, or urged, the transactions between Tectonic Network, Inc. and its affiliates, on the one hand, and the Companies, on the other hand, and accordingly, are precluded from complaining about said transactions.  Therefore, upon information and belief, if the allegations in the Complaint, are true, representations and warranties given in connection with merger or acquisition of the Companies were violated, breached, and false when made.

11.    Some or all of the members of the Plaintiff unincorporated association, were paid to advise one or more of the Defendants in the performance of their duties, and to perform other services for which they were handsomely compensated, in cash and/or stock.  These individuals were privy to inside information on a regular basis, and some of them upon information and belief were parties to nondisclosure and/or confidentiality agreements, and/or consulting agreements.  Some of these individuals communicated directly with the board, and participated in board meetings..

12.    One or more of these members of the Plaintiff unincorporated association violated their agreements, and disclosed inside information, upon information and belief, to third parties in connection with the purchase and/or sale of stock in Tectonic Network, Inc.

065840.1001

13.     Furthermore, those members of the Plaintiff advising the Defendants and/or acting as consultants advocated or approved of the transactions complained about in the Complaint.

14.     These individuals also were privy to many of the facts about which they now complain in the Complaint.

15.     During the time that some of the members of Plaintiff unincorporated association were agents of and owed fiduciary duties to Defendants and/or Tectonic Network, Inc., they also acted in an undisclosed, secret, concealed manner as agents for other parties who purchased or sold stock of Tectonic Network, Inc. through them, sometimes while in possession of inside information in violation of State and Federal securities laws.

16.     Certain members of the Plaintiff unincorporated association have engaged in illegal activity in violation of the Securities and Investment laws, upon information and belief.

17.     Some or all of the members of the Plaintiff, upon information and belief, induced Defendants to purchase the Companies with which they were affiliated or in which they had a financial interest.

18.     One or more of the members of the Plaintiff have falsely stated or implied that Defendant Wolford and/or Defendant Krug have committed criminal or fraudulent acts, and upon information and belief have made these statements or sent written materials concerning their claims to third parties.

19.     All members of the Plaintiff are bound by the actions of each other and became so bound when they joined the conspiracy and became a part of Plaintiff unincorporated association.

20.     Each member of the Plaintiff caused this action to be filed against the Defendants.

21.     This action was filed in part with malice and with intent to embarrass some or all of the Defendants.

22.     Based on the facts alleged, the relation between and among members of the Plaintiff makes them conspirators with each other and against the Defendants.  The Plaintiff and its members instituted this claim with malice, for an ulterior purpose, and with actions not proper and irregular conduct of civil proceedings.  The purpose of this action against the Defendants is not to address a wrong identified by the Complaint, but instead to extort a settlement from a perceived "deep pocket" who would rather pay settlement than risk litigation, all at the expense of Defendants' reputations.  This action constitutes an abuse of process.

23.     The actions of members of the Plaintiff, binding all members of the unincorporated association, were malicious, willful and in bad faith and for that reason, Defendants are entitled to punitive damages against the members of the Plaintiff and the Plaintiff to deter similar misconduct in the future.

24.     As a natural, direct and proximate result of the Plaintiffs' actions, and upon information and belief, the actions of some or all of its members, Defendants have sustained actual, incidental and consequential damages in an amount as yet undetermined, but to be proven at trial.

25.     In furtherance of their scheme, the Plaintiff and some of its members have uttered and written false and defamatory statements concerning one or more of the Defendants.  These statements have been published to others, and falsely imputed the commission of crimes of infamy or moral turpitude by one or more of the Defendants.

DB02:6910827.1                                                                 065840.1001

26.     Because the statements uttered and written by one or more members of the Plaintiff have falsely imputed the commission of crimes by one or more of the Defendants, these Defendants need not prove actual harm to reputation to recover compensatory damages.

27.     Furthermore, the statements written by or communicated by one or more members of the Plaintiff expose one or more of the Defendants to public ridicule or contempt. Accordingly, the Defendants harmed need not prove actual harm to reputation to recover compensatory damages although they have sustained actual, incidental and consequential damages in an amount as yet undetermined but to be proven at trial.

28.     The actions taken by the Plaintiff or one or more of its members, whether lawful or unlawful, were intentional.

29.     These actions constitute a prima facie tort.

30.     Defendants are the assignees of all choses in action and all claims the Companies, their successors, Tectonic Network and Tectonic Solutions, may have against Plaintiff or any of its members.

### **THIRTY SIXTH DEFENSE**

Plaintiff lacks personal jurisdiction over some or all of the Defendants.


**WHEREFORE,** having fully answered, these Defendants pray that judgment be entered against the Plaintiff, that they be discharged from any and all liability in the above-stated action as to each and every allegation thereof, that all costs of this action be assessed against the Plaintiff, entitling these Defendants to recover attorneys' fees, costs and expenses in defending Plaintiff's claims.  Defendants further pray for judgment in their favor and against the Plaintiff

and its members individually, jointly and severally, on its claims of set off and recoupment

(which by law may exceed any amounts awarded to Plaintiff) as follows:

1.    Incidental and consequential damages in an amount to be determined at trial;

2.    Exemplary and punitive damages in an amount to be determined at trial;

3.    Costs and expenses of litigation, including reasonable attorneys' fees; and

4.    Such other, further and different relief as this Court may deem just, equitable and proper.

Respectfully submitted,

Dated:    June 20, 2008

 _/s/ Adam W. Poff_____
William D. Johnston, Esq. (Bar No. 2123)
Adam W. Poff (Bar. No. 3990)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 571-6642
apoff@ycst.com

J. Allen Maines, Esq. (Georgia Bar No. 466575)
John G. Parker, Esq. (Georgia Bar No. 562425)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, GA  30308-2222
(404) 815-2400

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on June 20, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Linda Richenderfer, Esquire
> Bifferato Gentilotti LLC
> 800 N. King Street, Plaza Level
> Wilmington, DE 19801

I further certify that on June 20, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Herbert C. Ross, Jr., Esquire
> Olshan, Grundman, Frome,
> Rosenzweig, & Wolosky LLP
> 65 East 55th Street
> New York, NY 10022

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> _/s/ Adam w. Poff_
> William D. Johnston (No. 2123)
> Adam W. Poff (No. 3990)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391
> (302) 571-6600
> apoff@ycst.com