UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR.; LAURA ROGERS; and THEO VANDERBOOM, <br><br> Defendants. | No. 06-665-GMS-MPT |

---

PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF
DEFENDANTS' ANSWER AND TO DISMISS THE THIRTY SIXTH DEFENSE

---

Ian Connor Bifferato (#3273)
Linda Richenderfer (#4138)
**BIFFERATO GENTILOTTI LLC**
800 N. King Street, First Floor
Wilmington, DE 19801
Telephone: 302-429-1900
Facsimile: 302-429-8600

-and-

**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**

Thomas J. Fleming
Herbert C. Ross, Jr.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone: (212) 451-2300
Facsimile: (212) 451-2222

*Attorneys for Plaintiff*

July 10, 2008

Table of Contents

Page

Preliminary Statement ................................................................................................................. 1

Background Facts ....................................................................................................................... 1

Argument .................................................................................................................................... 2

    I    PORTIONS OF PARAGRAPH 1 OF THE ANSWER SHOULD BE STRICKEN ................................................................................................................. 2

    II    DEFENDANTS' "THIRTY SIXTH DEFENSE" SHOULD BE DISMISSED ................................................................................................................ 3

        A.    The "Thirty Sixth Defense" is a Counterclaim ........................................... 3

        B.    Pleading Standards ...................................................................................... 4

        C.    Defendants Have Failed to State a Claim for Relief Under Any Legal Theory ............................................................................................... 5

            1.    Conspiracy ....................................................................................... 5

            2.    Defamation ...................................................................................... 6

            3.    Interference with Business and Contractual Relations .................... 7

            4.    Wrongful Litigation/Abuse of Process ............................................ 7

            5.    Fraud ................................................................................................ 9

            6.    Breach of Fiduciary Duty ............................................................... 10

            7.    Prima Facie Tort ............................................................................ 11

Conclusion ................................................................................................................................ 11

Table of Authorities

Page

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007) ......................................... 4

*Feinman v. Bank of Delaware*, 728 F.Supp. 1105 (D. Del. 1990) ................................................ 7

*Delaware State University Student Housing Foundation v. Ambling Mgmt. Co.*, --- F.Supp.2d ----, 2008 WL 2278460, at *1 (D. Del. June 4, 2008) ......................................... 4, 7

*Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182 (W.D. Pa. 1976) ............................................ 4

*Loftis v. Key Energy Services, Inc.*, 2008 WL 2609918 (June 26, 2008 E.D. Pa.) ........................ 4

*Morse v. Weingarten*, 777 F.Supp. 312 (S.D.N.Y. 1991) ............................................................. 3

*Parker v. Learn Skills Corp.*, 530 F.Supp.2d 661, 680 (D. Del. 2008) ......................................... 6

*Reiter v. Cooper*, 507 U.S. 258 (1993) ......................................................................................... 4

*In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2003) ....................................................................................................................................... 9

*Shapiro v. UJB Financial Corp.*, 964 F. 2d 272 (3d Cir,. 1992) ................................................... 9

*Smiley v. Daimler Chrysler*, 538 F.Supp.2d 711, 715-16 (D. Del. 2008) .................................... 6

*In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256 (3d Cir. 2006) ...................................... 9

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir. 1992) ........................................ 3

*In re Tower Air, Inc.*, 416 F.3d 229 (3d Cir. 2005) .................................................................. 5, 10

*Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007) ................................................................. 5

## STATE CASES

*Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020 (Del. Ch. 2006) ......................... 5

*Heller v. Kiernan*, No. Civ.A. 1484-K, 2002 WL 385545 (Del. Ch. Feb. 27, 2002) ................. 10

Table of Authorities
(continued)

Page

*Nix v. Sawyer*, 466 A.2d 407 (Del .Super. 1983)..................................................................8

*Stevens v. Independent Newspapers, Inc.*, Civil Action No. 85C-OC-11, 1988 WL 25377, (Del. Super. Mar. 10, 1988))..................................................................................................8

*Unit, Inc. v. Kentucky Fried Chicken Corp.*, 304 A.2d 320 (Del. Super. 1973)...............7

**FEDERAL STATUTES**

28 U.S.C. § 1334.....................................................................................................................2

Fed. R. Civ. P. 8(a) ................................................................................................................4

Fed. R. Civ. P. 8(c)(2)............................................................................................................4

Fed. R. Civ. P. 9(b) ..............................................................................................................10

**TREATISES**

Moore's Federal Practice 3d, § 8.03[2]................................................................................4

Moore's Federal Practice 3d, § 13.11...................................................................................4

Plaintiff, by its undersigned counsel, submits this Brief in support of its motion to strike portions of Defendants' Answer and to dismiss Defendants' Thirty Sixth Defense in their Answer.

## Preliminary Statement

The answer filed by Defendants (the "Answer") in this action contains a disorganized medley of allegations of wrongs against Defendants by unnamed members of Plaintiff under the heading of a "Thirty Sixth Defense." The so-called Thirty Sixth Defense actually consists of allegations which Defendants claim entitle them to set off and recoup monies against Plaintiff under multiple legal theories. The allegations entirely fail to satisfy basic requirements for notice pleading. They do not identify any individuals who allegedly committed the wrongs, and neglect to allege even the most basic facts necessary to provide notice of the grounds for Defendants' claims. Because the allegations are so severely deficient, the Thirty Sixth Defense and the counterclaims therein must be dismissed.

The Answer also includes irrelevant and prejudicial references to and quotation of mere *allegations* made against two members of Plaintiff in another action concerning a company wholly unrelated to this litigation. This material should be stricken because it consists solely of impertinent, immaterial, and scandalous allegations.

## Background Facts

Because this Motion only concerns the contents of Defendants' Answer to the Amended Complaint, the factual discussion is limited to a brief review of the procedural background.

On May 21, 2008, this Court issued an order on Defendants' motion to dismiss the Complaint, granting the motion in certain part and denying the majority of the relief Defendants sought, and granting Plaintiff leave to file an amended complaint alleging jurisdiction under 28

583336-2

U.S.C. § 1334. (D.I. 81) Following service and filing of the Amended Complaint on June 10, 2008 (D.I 84), Defendants served and filed their Answer on June 20, 2008. (D.I. 85)

Paragraph 1 in the Answer includes allegations about two members of Plaintiff, which have nothing to do with the allegations in the Amended Complaint and nothing to do with this litigation. The Answer alleges that two members of Plaintiff have been named as defendants in securities class action lawsuits involving Amplidyne, Inc., and quotes extensively from a complaint filed in that litigation. (D.I. 85, Answer at pp. 2-3, ¶ 1) These allegations have absolutely no connection to the allegations in the Amended Complaint that the Answer purportedly responds to, and only serve to disparage the two members of Plaintiff.

The Answer also contains as a so-called "Thirty Sixth Defense" claims for setoff and recoupment under multiple legal theories. (D.I. 85, Answer at pp. 24-30, ¶¶ 1-30) The Thirty Sixth Defense lumps together a hodgepodge of purported legal theories and allegations without delineating what allegations relate to what legal theories. More importantly, the allegations in the Thirty Sixth Defense absolutely fail to identify what individuals committed what allegedly wrongful acts and are otherwise woefully insufficient.

Argument

I

PORTIONS OF PARAGRAPH 1 OF THE ANSWER SHOULD BE STRICKEN

Paragraph 1 of the Answer includes immaterial, impertinent, and scandalous allegations about two members of Plaintiff, quoting allegations from an unrelated lawsuit that has no bearing on this case. This portion of Paragraph 1 of the Answer, commencing with the sentence beginning, "Two members of the Plaintiff, Harris Friedman and Sharon Will, have been accused of securities fraud previously...", through the end of Paragraph 1 should be stricken. This portion of Paragraph 1 relates to allegations made against those individuals in a totally unrelated

2

litigation involving a company entitled Amplidyne, Inc. Nowhere in the Amended Complaint is that company ever mentioned, and nowhere else in the Answer is the that company mentioned again. Paragraph 1's mention of such litigation and quotation of a mere allegation in that litigation against the two individuals is simply intended to create prejudice against Plaintiff and members of it. That tactic has no place in this action.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendant's quotation of an unrelated complaint against two members of plaintiff is immaterial, impertinent, and scandalous. *See Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (in securities fraud action, references to defendant's criminal conviction and income level stricken as immaterial and impertinent); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."). The mere unproven allegations contained in the quoted complaint involving a company with no relation to Tectonic Network lack any bearing on this case, and serve only to create prejudice against Plaintiff. For this reason, the portion of Paragraph 1 of the Answer as identified above should be stricken from Defendants' Answer.

II

DEFENDANTS' "THIRTY SIXTH DEFENSE" SHOULD BE DISMISSED

A.   The "Thirty Sixth Defense" is a Counterclaim

Though interposed as an affirmative defense, the Thirty Sixth Defense is in fact a counterclaim for recoupment or setoff. In the Thirty Sixth Defense, "Defendants further assert that they are entitled to set off and recoup monies against the Plaintiff and/or its individual

3

members. . . . " (D.I. 85, Answer, at p. 24). Defendants also request incidental, consequential, exemplary, and punitive damages on these claims. (D.I. 85, Answer, at p. 30)

Although Defendants list it as one of their defenses, by seeking setoff and recoupment, the Thirty Sixth Defense is a counterclaim. *See Reiter v. Cooper*, 507 U.S. 258, 263-65 (1993) (recoupment claim asserted as defense in action is a counterclaim); *Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182, 185 (W.D. Pa. 1976) (setoff is a permissive counterclaim); Moore's Federal Practice 3d, § 8.03[2] (Set-off is a permissive counterclaim); Moore's Federal Practice 3d, § 13.11 ("Recoupment claims - the setting off against asserted liability of a counterclaim arising out of the same initial claim - are by definition compulsory counterclaims.") Despite Defendants' incorrect delineation, Defendants' so-called Thirty Sixth Defense should be treated as a counterclaim. *See* Fed. R. Civ. P. 8(c)(2) (if a party designates a counterclaim as a defense, court must treat pleading as though it was correctly designated).

B.   Pleading Standards

As a counterclaim, the allegations contained in the Thirty Sixth Defense are subject to the pleading standards that govern any claim for relief. *See* Fed. R. Civ. P. 8(a); *Loftis v. Key Energy Services, Inc.*, 2008 WL 2609918, at *2 (June 26, 2008 E.D. Pa.) (applying Rule 8 pleading standard to counterclaims). The allegations must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007). A pleading must contain, at a minimum, factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 1965. *See also Delaware State University Student Housing Foundation v. Ambling Mgmt. Co.*, --- F.Supp.2d ----, C.A. No. 07-610-MPT, 2008 WL 2278460, at *1 (D. Del. June 4, 2008) (quoting *Bell Atlantic*); *Loftis*, 2008 WL 2609918, at *2 ( "To survive a motion to dismiss, a

4

[defendant asserting counterclaims] must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the [counterclaims] are true (even if doubtful in fact).") (alterations in original) (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007). To avoid dismissal for failure to state a claim upon which relief can be granted, "plaintiff should plead basic facts, such as they are, for those are 'the grounds' upon which the plaintiff's claim rests. Even at the pleading stage, a defendant deserves fair notice of the general factual background for the plaintiff's claims." *In re Tower Air, Inc.*, 416 F.3d 229, 237 (3d Cir. 2005).

As discussed below, Defendants' abstract fraud claim is additionally governed by the heightened standard of Rule 9(b) of the Federal Rules of Civil Procedure.

C.    <u>Defendants Have Failed to State a Claim for Relief Under Any Legal Theory</u>

Defendants purport to allege claims for set off and recoupment "under legal theories of conspiracy, defamation, interference with current and perspective (sic) business and contractual relations, wrongful litigation/abuse of process, fraud, breach of fiduciary duty and the prima facie tort." (D.I. 85, Answer, at pp. 24-30 ¶¶ 1-30) As shown below, defendants have failed to allege even the most basic facts necessary to satisfy the notice pleading standard for any of these purported claims.

1.    <u>Conspiracy</u>

Under Delaware law, to state a cause of action in civil conspiracy a plaintiff must plead facts supporting (1) the existence of a confederation or combination of two or more persons; (2) that an unlawful act was done in furtherance of the conspiracy; and (3) that the conspirators caused actual damage to the plaintiff. *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1036 (Del. Ch. 2006). In *Allied Capital*, the court dismissed the civil conspiracy claim against unnamed defendants, holding "that the complaint fails to state a conspiracy claim against

5

the unidentified John Does. . . . . [Plaintiff] cannot pretend, however, that its complaint actually alleges facts supporting a conspiracy claim against the unknown when the complaint is entirely devoid of facts regarding the role of particular individuals, even by title." *Id.* at 1037.

The same deficiency is present in Defendants' counterclaim. Defendants do not identify the members of the alleged conspiracy, only alleging that it is among unidentified members of Plaintiff and Plaintiff itself. Defendants' allegations contain no identification of acts in furtherance of the conspiracy and the individuals who allegedly performed them. (D.I. 85, Answer, at pp. 24-29, ¶¶ 1-30) For these reasons, Defendants fail to state a claim for conspiracy.

2. Defamation

Defendants' recoupment and setoff counterclaim also fails to plead facts necessary to state a claim for defamation. Defendants only generally allege that members of Plaintiff made defamatory statements about them, without identifying who made the statement, to whom the statements were made, when they were made, and what the statements are. (D.I. 85, Answer, at pp. 28-29, ¶¶ 18, 25-29).

Under Delaware law, "[a] claim of defamation requires the following elements to be established: "1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4) fault on the part of the publisher, and 5) injury to the plaintiff." *Smiley v. Daimler Chrysler*, 538 F.Supp.2d 711, 715-16 (D. Del. 2008); *see also Parker v. Learn Skills Corp.*, 530 F.Supp.2d 661, 680 (D. Del. 2008). In *Smiley*, the complaint did not allege the allegedly defamatory statements and did not identify to whom the statements were made or published. *Id.* at 716. The Court dismissed the claim, finding that it failed to meet the basic pleading standard that "'stating ... a claim requires a complaint with enough factual

6

matter (taken as true) to suggest' the required element." *Id.* ( quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233-34 (3d Cir. 2008)).

Defendants' defamation claim suffers from the same deficiencies as those in *Smiley*, namely a failure to allege the allegedly defamatory statements and to identify to whom the statements were made. They also suffer from the additional deficiencies of failing to identify who made the statements and when the statements were made. As in *Smiley*, the libel claim here must be dismissed.

### 3. Interference with Business and Contractual Relations

"The elements of tortious interference with prospective contractual relations includes '(1) the existence of a valid business relation or expectancy, (2) the interfere[r's] knowledge of the relationship or expectancy, (3) intentional interference that (4) induces or causes a breach or termination of the relationship or expectancy and that (5) causes resulting damages to the party whose relationship or expectancy is disrupted." *Delaware State University Student Housing Foundation*, 2008 WL 2278460, at *6.

Defendants fail to identify any business relation or expectancy that any member of Plaintiff interfered with, causing termination of a relationship or expectancy. Defendants also fail to identify who caused the interference, how the interference was caused, or any terminated relationship or expectancy (D.I. 85, Answer, at pp. 24-30, ¶¶ 1-30). According, the Court should dismiss this tortious interference claim as wholly insufficient.

### 4. Wrongful Litigation/Abuse of Process

In order to state a claim for wrongful litigation, i.e. abuse of process, a claimant must allege "an ulterior purpose and a willful act in the use of the process that is not proper in the regular conduct of the proceedings." *Feinman v. Bank of Delaware*, 728 F.Supp. 1105, 1115 (D. Del. 1990) (citing *Unit, Inc. v. Kentucky Fried Chicken Corp.*, 304 A.2d 320, 331 (Del. Super.

7

1973). "There must be '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process ... there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion.'" *Id.* (quoting *Stevens v. Independent Newspapers, Inc.*, Civil Action No. 85C-OC-11, 1988 WL 25377, at *8 (Del. Super. Mar. 10, 1988)). "To sustain the counterclaim, there must be some type of coercion involved, "such as the ... payment of money, by the [improper] use of process as a threat or a club" to obtain a collateral advantage." *Id.* (quoting *Stevens*, 1988 WL 25377, at *8).

"Merely carrying out the process to its authorized conclusion, even though with bad intentions, does not result in liability. Some form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, must be shown." *Unit*, 304 A.2d at 331. "While the existence of an ulterior motive may be inferred from the fact that the process has been misused, the reverse is not true; if the act of the prosecutor is in itself regular, his motive, ulterior or otherwise, is immaterial. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law." *Stevens*, 1988 WL 25377, at *8 (citing 1 Am.Jur.2d, Abuse of Process § 4 (1962)). *See also Nix v. Sawyer*, 466 A.2d 407, 412 (Del .Super. 1983) (dismissing abuse of process claim due to "plaintiffs' failure to allege 1) a willful and improper act in the use of process; 2) any form of coercion; and 3) a collateral advantage to defendants arising from said coercion.").

Defendant's counterclaim for abuse of process alleges only that Plaintiff and its members instituted the action with malice and an ulterior purpose to extort settlement from Defendants, but does not identify any improper actions taken by Plaintiff and its members in the litigation. (D.I. 85, Answer, at pp. 27-28, ¶¶ 19-24). Because Defendants do not allege any use of process

8

that is not proper in the regular conduct of the proceedings, their allegations are deficient and their counterclaim must be dismissed. [1]

       5.     Fraud

Defendants' allegations of fraud fall woefully short of the standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule requires "at a minimum, that plaintiffs support their allegations of securities fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'- that is, the "who, what, when, where and how' of the events at issue." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2003) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1417 (3d Cir. 1997)). Indeed,

> Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsely; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage.

*In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006) (quoting *Shapiro v. UJB Financial Corp.*, 964 F. 2d 272, 284 (3d Cir,. 1992)) (alteration in original).

Defendants' allegations fail on all counts. They do not identify the "who" - instead they allege fraud was committed by unidentified members of Plaintiff, and do not identify who was defrauded. They do not identify the "what" or "how" - they only make the conclusory allegation that unidentified individuals somehow committed fraudulent acts. Nor do they identify "when" or "where" the alleged fraud took place. (D.I. 85, Answer, at pp. 24-29, ¶¶ 1-30)

---

[1] Parenthetically, Plaintiff also notes that this action is brought in good faith, and that the great majority of the claims in the Complaint survived the Defendants' motion to dismiss the entire Complaint.

9

Additionally, Defendants nowhere allege any of the elements of fraud identified in *Suprema Specialties* such as the specific misrepresentations made, reliance, the maker's knowledge of the falsity, the ignorance of an identified relying person, and so forth.

Defendants' allegations of fraud do not come close to satisfying the pleading standard imposed by Rule 9(b) or state a claim under Rule 12(b)(6), Fed. R. Civ. P., and must be dismissed.

### 6. Breach of Fiduciary Duty

The counterclaim for a setoff or recoupment based on breach of fiduciary duty likewise fails to give fair notice of the grounds for the claim. It does not identify which individuals allegedly breached their fiduciary duties, what acts they took to breach their fiduciary duties, what transactions the alleged breaches took place in, and what fiduciary duties they allegedly breached. (D.I. 85, Answer, at pp. 24-30, ¶¶ 1-30) Instead, the only allegation that seems to concern breach of fiduciary duties alleges "some of the members of Plaintiff . . . were agents of and owed fiduciary duties to Defendant and/or Tectonic Network, Inc.," and that these unidentified individuals "acted in an undisclosed, secret, concealed manner as agents for other parties who purchase or sold stock of Tectonic Network Inc. through them, sometimes while in possession of inside information." (D.I. 85, Answer at p. 27 ¶ 15)

The vagueness of this allegation is astonishing and impermissibly vague. The elements of a claim for breach of fiduciary duty are "(i) that a fiduciary duty exists; and (ii) that a fiduciary breached that duty." *Heller v. Kiernan*, No. Civ.A. 1484-K, 2002 WL 385545, at *3 (Del. Ch. Feb. 27, 2002). A claim for breach of fiduciary duty must at a minimum allege supporting facts "necessary to provide the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *In re Tower Air*, 416 F.3d at 237. Defendants' failure to plead

these basic underlying facts requires dismissal of their counterclaim for recoupment/setoff based on alleged breaches of fiduciary duties.

7. <u>Prima Facie Tort</u>

"Prima facie tort is defined as "[t]he intentional harm infliction, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful and which acts do not fall within the categories of traditional tort." *Lord v. Souder*, 748 A.2d 393, 402-03 (Del. 2000); *see also Nix v. Sawyer*, 466 A.2d at 412-13. As with all of Defendants' other purported legal theories, this claim must fail because the allegations do not give fair notice to the individuals accused of wrongdoing of the allegations against them. In fact, none of these individuals are even identified by Defendants. Nor are they advised of what acts constitute the alleged wrongdoing.

<u>Conclusion</u>

Based on the foregoing, the Court should (a) strike that part of Paragraph 1 of the Answer from and including the sentence beginning, "Two members of the Plaintiff, Harris Friedman and Sharon Will, have been accused of securities fraud previously...", through the end of Paragraph 1 and (b) strike and dismiss the Thirty Sixth Defense and all of the counterclaims alleged in the Thirty Sixth Defense.

Dated:   July 10, 2008

Ian Connor Bifferato (#3273)
Linda Richenderfer (#4138)
**BIFFERATO GENTILOTTI LLC**
800 N. King Street, First Floor
Wilmington, DE 19801
Telephone: 302-429-1900
Facsimile: 302-429-8600

11

-and-

**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**

Thomas J. Fleming
Herbert C. Ross, Jr.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone: (212) 451-2300
Facsimile: (212) 451-2222

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2008, a copy of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER AND TO DISMISS THE THIRTY SIXTH DEFENSE will be caused to be served upon the following in the manner so indicated:

**VIA CM/ECF ELECTRONIC FILING**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
William D. Johnson (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**VIA FIRST CLASS MAIL**
PAUL HASTINGS, JANOFSKY &
WALKER LLP
J. Allen Maines, Bar No. 466575
John G. Parker, Bar No. 562425
600 Peachtree Street, Suite 2400
Atlanta, GA 30308

Linda Richenderfer (#4138)