UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AD HOC COMMITTEE OF EQUITY HOLDERS OF TECTONIC NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> AROL WOLFORD; SHERWIN KRUG; CHARLES MCROBERTS; JOHN MCROBERTS; CHARLES PECCHIO, JR.; LAURA ROGERS; and THEO VANDERBOOM, <br><br> Defendants. | No. 06-665-GMS-MPT <br><br><br> September 3, 2008 |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER AND TO DISMISS THE THIRTY-SIXTH DEFENSE**

**BIFFERATO GENTILOTTI LLC**
Ian Connor Bifferato (#3273)
800 N. King Street, First Floor
Wilmington, DE 19801
Telephone: 302-429-1900
Facsimile: 302-429-8600

-and-

**OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP**

Thomas J. Fleming
Herbert C. Ross, Jr.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone:  (212) 451-2300
Facsimile: (212) 451-2222

*Attorneys for Plaintiff*

## Table of Contents

Page

Preliminary Statement................................................................................................1

Argument ...................................................................................................................3

      I       DEFENDANTS' ASSERTION THAT THIS IS A CLASS ACTION AND
                THAT THE APPROPRIATENESS OF INDIVIDUALS TO
                REPRESENT THE CLASS IS AN ISSUE IS FALSE...........................................3

      II     DEFENDANTS' "THIRTY-SIXTH DEFENSE" SHOULD BE
                DISMISSED ..................................................................................................6

Conclusion .................................................................................................................10

i

Table of Authorities

Page

CASES

*Adams v. Amplidyne, Inc.*, No. 99-4468, 2000 U.S.Dist. LEXIS 21383 (D.N.J. Oct 24, 2000) ..............................................................................................................................5

*Bay State Mill. Co. v. Terranova Bakers Supplies Corp.*, 871 F.Supp. 703 (S.D.N.Y. 1995) ................................................................................................................................9

*Chapes, Ltd v. Anderson*, 825 F.2d 357 (11th Cir. 1987) ..............................................7

*Environ Prods., Inc. v. Total Containment, Inc.*, 951 F.Supp. 57 (E.D. Pa. 1996).........9

*Federal Deposit Ins. Co. v. F.S.S.S.*, 829 F.Sup. 317, 322 (D. Alaska 1993) ............7, 8

*Herrman v. Atlantic Richfield Co.*, 72 F.R.D. 182 (W.D. Pa. 1976) ...............................7

*Lafayette Corp., Ltd. v. Bank of Boston Int'l South*, 723 F.Supp. 1461 (S.D. Fla. 1989) ...............9

*Loftis v. Key Energy Services, Inc.*, 2008 WL 2609918 (June 26, 2008 E.D. Pa.).........8

*Micro Motion, Inc. v. Exac Corp.*, 112 F.R.D. 2 (N.D. Cal. 1985) .................................9

*Middletown Plaza Assocs. v. Dora Dale of Middletown, Inc.*, 621 F.Supp. 1163 (D. Conn. 1985)......................................................................................................................7

*Minuteman Press Int'l Inc. v. Matthews*, 232 F.Supp.2d 11 (E.D.N.Y. 2002) ...............9

*Morse v. Weingarten*, 777 F.Supp. 312 (S.D.N.Y. 1991)................................................5

*NVF Co. v. New Castle County*, 276 B.R. 340 (D. Del. 2002).........................................7

*Southeastern Sprinkler Co., Inc. v. Meyertech Corp. (In re Meyertech Corp.*, 831 F.2d 410 (3d Cir. 1987).............................................................................................................6

*Steinberg v. St. Paul Mercury Ins. Co.*, 108 F.R.D. 355 (S.D. Ga. 1985) ......................7

*Styler v. Jean Bob Inc. (In re Concept Clubs , Inc.)*, 154 B.R. 581 (D. Utah 1993).......7

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir. 1992).........................5

*Zerodec Megacorp, Inc. v. Terstep of Texas, Inc.*, 60 B.R. 884 (E.D. Pa. 1985) ...........6

Table of Authorities
(continued)

Page

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1334................................................................................................................3, 4

Fed. R. Civ. P. 8..................................................................................................................8

Fed. R. Civ. P. 9........................................................................................................3, 9, 10

Fed. R. Civ. P. 12....................................................................................................... 5, 10

## TREATISES

2 Moore's Federal Practice 3d, § 9.03[1][d] ....................................................................9

3 Moore's Federal Practice 3d, § 13.31 ............................................................................7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AD HOC COMMITTEE OF EQUITY
HOLDERS OF TECTONIC NETWORK, INC.,

                Plaintiff,

      v.

AROL WOLFORD; SHERWIN KRUG;
CHARLES MCROBERTS; JOHN
MCROBERTS; CHARLES PECCHIO, JR.;
LAURA ROGERS; and THEO
VANDERBOOM,

                Defendants.

No. 06-665-GMS-MPT

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER AND TO DISMISS THE THIRTY-SIXTH DEFENSE

Plaintiff, by its undersigned counsel, submits this reply brief in further support of its

motion to strike portions of Defendants' Answer and to dismiss Defendants' Thirty-Sixth

Defense in their Answer.  Specifically, Plaintiff submits this brief to reply to the arguments made

in Defendants' memorandum responding to the motion.[1]

### Preliminary Statement

Defendants attempt to justify their Answer's quotation of an unproven allegation of

securities fraud, purportedly committed by Harris Freedman and Sharon Will, by asserting that

this action is a class action and Mr. Freedman and Ms. Will are unfit to be class representatives.

This attempt is based on a false premise.  This Court has specifically found that this is a direct

---

[1]    Citations herein to pages in Defendants' memorandum in opposition to this motion are in the following format: (D.I. 90, Defs. Mem. at p. __).

action in which Plaintiff, the transferee of the claims of Tectonic Network, Inc ("Tectonic")
against its officers and directors, has alleged such claims against the Defendants, each a former
or current officer, director, or both of Tectonic. Defendants never sought to re-argue the order in
which the Court made that correct finding. Accordingly, Defendants' quotation of
unsubstantiated allegations of past wrongs by Harris Freedman and Sharon Will, unrelated to this
action, even if they were the only individuals acting for Plaintiff with respect to this action, have
no place in the Answer in this action and should be stricken.

Furthermore, even if Mr. Freedman and Ms. Will were the sole representatives of
Plaintiff involved in the action, mere unproven allegations of wrongdoing in a complaint filed by
someone else in an unrelated matter or in unrelated companies' SEC filings are not proof of
anything, and certainly not proof that either Mr. Freedman or Ms. Will should have no say in
Plaintiff's prosecution of this action. None of the allegations constitute proven facts. That Mr.
Freedman pleaded guilty in a criminal matter in 1963 and an order issued against him in the early
1960's is irrelevant to this action in 2008 concerning a wholly unrelated company and events.
Defendants' reliance on mere allegations and on events that occurred forty-five years ago only
demonstrates that their Answer's quotation of an allegation of wrongdoing by Mr. Freedman and
Ms. Will in a case wholly unrelated to this action, which was never tried and in which no
judgment was ever rendered, is nothing more than an attempt by Defendants to prejudice the
Court against Plaintiff. Accordingly, the allegation from the unrelated action quoted by
Defendants in paragraph 1 of their Answer should be stricken.

Defendants' attempt to bolster their "Thirty-Sixth Defense" fares no better. They argue
that this "defense" which claims a setoff or recoupment is not a counterclaim as Plaintiff
demonstrated in its opening brief but is rather an affirmative defense and, as such, is not subject

2

to the same pleading requirements as a counterclaim. However, the prevailing rule is that any

claim for setoff is a counterclaim. Furthermore, even if it were merely an affirmative defense,

Defendants' "Thirty-Sixth Defense" alleges fraud on the part of unnamed members of Plaintiff,

and the cases uniformly hold that an affirmative defense based on fraud must plead the fraud

with particularity under Rule 9(b), Fed.R.Civ.P. just as a claim for fraud must be pleaded. Here,

the "Thirty-Sixth Defense's" pleading of fraud is wholly conclusory and fails to satisfy the

standards of Rule 9(b), Fed.R.Civ.P.

Argument

I

### DEFENDANTS' ASSERTION THAT THIS IS A CLASS ACTION AND THAT THE APPROPRIATENESS OF INDIVIDUALS TO REPRESENT THE CLASS IS AN ISSUE IS FALSE

Defendants argue that they appropriately quote, in paragraph 1 of their Answer to the

Amended Complaint, an allegation of securities fraud by Mr. Freedman and Ms. Will from the

complaint in an unrelated action involving a corporation wholly unrelated to this action.

Defendants' argument is wholly based on Defendants' assertion in their responding brief that this

is a class action or derivative action. Defendants then argue that the adequacy of individuals to

act as class representatives in a class action or named plaintiffs in a derivative action is fair game

in a class action or derivative action. However, Defendants would have the Court ignore the

prior history in this very action. Defendants argued that this action was either a class action or a

stockholders' derivative action in their motion to dismiss the original Complaint. The Court

correctly rejected those arguments in its decision and order deciding that motion.

On May 21, 2008, this Court issued its order on Defendants' motion to dismiss the

Complaint, granting the motion in certain part and denying the majority of the relief Defendants

sought, and granting Plaintiff leave to file an amended complaint alleging jurisdiction under 28

3

U.S.C. § 1334. (D.I. 81)  Following service and filing of the Amended Complaint on June 10,

2008 (D.I 84), Defendants served and filed their Answer on June 20, 2008. (D.I. 85)

As seen in the redlined version of the Amended Complaint, showing the changes made to

the original complaint, which was filed along with the Amended Complaint, the Amended

Complaint did not change the nature of this action from a direct action to a class or derivative

action. The Amended Complaint merely removed the fraud claim against defendant Krug,

eliminated certain allegations of fraud against defendant Wolford, and alleged subject matter

jurisdiction based on 28 U.S.C. § 1334, all in accordance with the May 21, 2008 decision and

order of the Court, and eliminated some references to an inconsequential event in early 2004

before the bankruptcy filing by Tectonic.

At page 21 of her May 21, 2008 Order (D.I. 81), Magistrate Judge Thynge specifically

rejected Defendants' argument that this action is a derivative action, correctly finding instead

that it is a direct action brought on claims that Tectonic has against its officers and directors but

which were transferred to Plaintiff by Stipulation and Consent Order in the bankruptcy

proceeding in which Tectonic was the debtor. ("The court agrees with the Committee's claims in

this action are direct claims.")  The Court then ruled that Plaintiff's claims here are not class

action claims, and that this action is not a class action and did not need to be a class action as was

alternatively asserted by Defendants in their motion to dismiss. At page 23 of the Order,

Magistrate Judge Thynge held that "the Committee does not purport to assert this matter as a

class action and the Stipulation and Consent Order does not so require." Further, at page 25 of

the Order, the Court held that "the Stipulation and Consent Order permits the Committee to bring

the instant action in its own name and does not require that the action be brought as a class

action."

4

Accordingly, all of the class action or stockholders' derivative action case authority mustered by Defendants for the proposition that it is appropriate to attack the suitability of the named plaintiffs in a class action or shareholders' derivative action has no application to this direct action. Thus, Defendants are in no way entitled to quote in their Answer an unproven allegation of wrongdoing by Mr. Freedman and Ms. Will from the complaint in a totally unrelated matter involving a company with no relationship to the facts in this case. And there is no entitlement for the Defendants to question the appropriateness of Mr. Freedman or Ms. Will having any input in the prosecution of this action as it is neither a class nor a shareholders' derivative action.

Furthermore, even if this action were a class action or derivative action, it would still be inappropriate to permit the Answer's quotation of a never-proven allegation of wrongdoing in a matter unrelated to this action.

Finally, Defendants assert that, in *Adams v. Amplidyne, Inc.,* No. 99-4468, 2000 U.S.Dist. Lexis 21383 (D.N.J. Oct 24, 2000) the court refused to strike the same allegation as is quoted by Defendants in their Answer. However, the New Jersey Court reached that decision in the same case in which the allegation was part of the claim for relief in the complaint. That case was all about Amplidyne's securities. This action has nothing to so with those securities.

Therefore, under Rule 12(f), Fed. R. Civ. P. and the authority cited at page 3 in Plaintiff's opening brief on this motion (D.I. 88), the allegation quoted in paragraph 1 of the Answer from the complaint in a completely different and unrelated action must be stricken as wholly irrelevant, gratuitous and intended only to create prejudice against the Plaintiff. *See Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (in securities fraud action, references to defendant's criminal conviction and income level stricken as immaterial and impertinent); *Talbot*

5

*v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice.").

II

DEFENDANTS' "THIRTY-SIXTH DEFENSE" SHOULD BE DISMISSED

In their response to that part of the motion, seeking the striking or dismissal of the "Thirty-Sixth Defense" as constituting insufficiently pleaded counterclaims, Defendants only argue that claims for set off and recoupment are not counterclaims which are subject to the normal rules of pleading governing a claim for relief but are rather affirmative defenses. Thus, Defendants make no effort (nor could they) to show that they adequately pleaded claims under the numerous legal theories that Defendants conclusorily alleged in the "Thirty-Sixth Defense."

Though interposed as an affirmative defense, the Thirty-Sixth Defense is in fact a counterclaim for recoupment or setoff. In the Thirty-Sixth Defense, "Defendants further assert that they are entitled to set off and recoup monies against the Plaintiff and/or its individual members. . . . " (D.I. 85, Answer, at p. 24). Defendants also request incidental, consequential, exemplary, and punitive damages on these claims. (D.I. 85, Answer, at p. 30)

While Defendant quibbles with the cases cited by Plaintiff, holding that a claim for setoff or recoupment is a counterclaim, the overwhelmingly prevailing law is that a claim for setoff or recoupment is a counterclaim rather than an affirmative defense. Thus, Defendants' argument that their claim for setoff is an affirmative defense, and not a counterclaim, is wrong as a matter of law. The majority of the courts, including this Court and others in the Third Circuit, hold that a claim for setoff or recoupment is a counterclaim. *Southeastern Sprinkler Co., Inc. v. Meyertech Corp. (In re Meyertech Corp.*, 831 F.2d 410 (3d Cir. 1987) ("When a party asserts a right of setoff, it is asserting a permissive counterclaim.") (quoting *Zerodec Megacorp, Inc. v.*

6

*Terstep of Texas, Inc.*, 60 B.R. 884, 886 (E.D. Pa. 1985)); *NVF Co. v. New Castle County*, 276

B.R. 340, 353 (D. Del. 2002) ("'Set-off' is defined as '[a] counter-claim demand which

defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of

action.'") (quoting Black's Law Dictionary 1372 (6th ed. 1990)); *Herrman v. Atlantic Richfield

Co.*, 72 F.R.D. 182, 185 (W.D. Pa. 1976) (treating setoffs as counterclaims); *Chapes, Ltd v.

Anderson*, 825 F.2d 357, 362 (11th Cir. 1987) (claims for setoffs were counterclaims, not

defenses); *Federal Deposit Ins. Co. v. F.S.S.S.*, 829 F.Sup. 317, 322 (D. Alaska 1993)

(defendants' setoff claim was counterclaim, not affirmative defense); *Steinberg v. St. Paul

Mercury Ins. Co.*, 108 F.R.D. 355, 359 (S.D. Ga. 1985) ("the issues of set-off and recoupment

are counterclaims, not affirmative defenses."); *Middletown Plaza Assocs. v. Dora Dale of

Middletown, Inc.*, 621 F.Supp. 1163, 1164-65 (D. Conn. 1985) (recoupments and setoffs are

treated as counterclaims); 3 Moore's Federal Practice 3d, § 13.31 (setoff claims are permissive

counterclaims).

    Defendants cite only three cases from district and bankruptcy courts of other

jurisdictions, which characterized setoff claims as affirmative defenses. Additionally, *Styler v.

Jean Bob Inc. (In re Concept Clubs , Inc.)*, 154 B.R. 581 (D. Utah 1993), one of the cases cited

by Defendants for the proposition that a setoff may be an affirmative defense, recognized that

many jurisdictions have concluded that a setoff is a counterclaim. *Id.* at 586 n. 6. Thus, that case

certainly does not stand for the proposition that "it is well-settled, however, that set-off may be

pled as a defense." (D.I. 90, Defs. Mem. at p. 14)

    Defendants' attempts to distinguish cases cited by Plaintiff in the opening brief do not

advance Defendants' argument, because Defendants cannot dispute that the prevailing rule is that

claims for setoffs and recoupments are counterclaims, not affirmative defenses. The court's

explanation in *Federal Deposit Ins. Co. v. F.S.S.S.*, *supra*, is helpful:

> Affirmative defenses challenge the underlying liability. Counterclaims are
> separate claims independent of the plaintiff's underlying claims. Fed. R.
> Civ. P. 13(c). Although common practice may be to plead the same
> conduct as both, they are separate and distinct pleadings accomplishing
> different ends. Defendants' affirmative defense of setoff is actually a
> separate claim against the plaintiff and, therefore, it properly considered a
> counterclaim. Fed. R. Civ. P. 8(c).

*Federal Deposit Ins. Co. v. F.S.S.S*, 829 F.Supp. at 322 n. 11. Here, Defendants' "Thirty-Sixth

Defense" is not an affirmative defense, challenging their underlying liability, but rather contains

separate claims Defendants assert against Plaintiff and apparently unnamed members of Plaintiff.

Thus, despite Defendants' incorrect label, the so-called "Thirty-Sixth Defense" must be

treated as a counterclaim. *See* Fed. R. Civ. P. 8(c)(2) (if a party designates a counterclaim as a

defense, court must treat pleading as though it was correctly designated).

Furthermore, should there be any remaining question on the matter, the demand in the

Answer for incidental, consequential, and even exemplary and punitive damages on the claims

for set off and recoupment in the "Thirty-Sixth Defense" (D.I. 85, Answer, at p. 30) clearly

confirms that those setoff and recoupment claims are counterclaims rather than defenses. In this

regard, Defendant's assertion in their responding brief that "Defendants only plead set-off

defensively, and do not seek affirmative relief" is demonstrably false (D.I. 90, Defs. Mem. at p.

14).

As the setoff claims constituting the "Thirty-Sixth Defense" are counterclaims under

prevailing authority, and the demands for money damages thereunder in the Answer confirm that

the claims are counterclaims, the pleading standards for a claim apply to the "Thirty-Sixth

Defense." *See* Fed. R. Civ. P. 8(a); *Loftis v. Key Energy Services, Inc.*, 2008 WL 2609918, at *2

(June 26, 2008 E.D. Pa.) (applying Rule 8 pleading standard to counterclaims).

As demonstrated at pages 4 through 11 in Plaintiff's opening brief on this motion (D.I. 88), the allegations in the "Thirty-Sixth Defense" of numerous legal wrongs are woefully deficient and merely conclusory, failing to satisfy the basic standards for pleading the multitudinous theories, including, among others, breach of fiduciary duty, defamation, fraud, interference with business and contractual relationships, and prima facie tort. The allegations even fail to identify the individuals who allegedly committed the purported wrongs.

Even if the prevailing law were different, and even if Defendants had not demanded affirmative relief in their Answer, and even if somehow the "Thirty-Sixth Defense" were an affirmative defense, the standards of Rule 9(b), Fed.R.Civ.P., for pleading a claim for fraud with particularity would apply to the "Thirty-Sixth Defense." It is well established that Rule (9)(b) requires an affirmative defense of fraud to be pleaded with the particularity required by that rule. *See Environ Prods., Inc. v. Total Containment, Inc.*, 951 F.Supp. 57, 59 (E.D. Pa. 1996) (affirmative defense of inequitable conduct must be pleaded with particularity); *Minuteman Press Int'l Inc. v. Matthews*, 232 F.Supp.2d 11, 17 (E.D.N.Y. 2002) (affirmative defenses of fraud dismissed for failure to plead with particularity); *Bay State Mill. Co. v. Terranova Bakers Supplies Corp.*, 871 F.Supp. 703, 707 (S.D.N.Y. 1995) (affirmative defense of fraud struck for failure to plead with particularity); *Lafayette Corp., Ltd. v. Bank of Boston Int'l South*, 723 F.Supp. 1461, 1467 (S.D. Fla. 1989) (affirmative defense of fraud dismissed for failure to plead with particularity); *Micro Motion, Inc. v. Exac Corp.*, 112 F.R.D. 2 (N.D. Cal. 1985) (affirmative defenses alleging fraud dismissed for failure to plead with particularity); 2 Moore's Federal Practice 3d, § 9.03[1][d] ("As demonstrated by the recognition in Rule 8(c) of fraud as an affirmative defense, when circumstances constituting fraud are central to defending against a claim, the too must be pleaded with particularity."). The claim of fraud in this "defense" alleges

no specifics. As demonstrated at pages 9 to 10 in Plaintiff's opening brief on this motion (D.I. 88), the allegations of fraud are completely deficient under Rule 9(b), and for this reason alone the "Thirty-Sixth Defense" must be dismissed.

In any event, the entirety of the "Thirty-Sixth Defense" must be stricken and dismissed as it constitutes a group of counterclaims under prevailing law and also by reason of Defendants' demand for damages under that "defense." As demonstrated previously and never rebutted by Defendants, the allegations in the "Thirty-Sixth Defense" do not state any claims for relief on the theories conclusorily alleged there.

Finally, it should be noted that Defendants falsely argue that if the "Thirty-Sixth Defense" is a counterclaim or a series of counterclaims, Plaintiff has defaulted in replying to them, or moving to dismiss them. (D.I. 90, Defs. Mem. at p. 16) That argument is nonsensical as the current motion to strike or dismiss the "Thirty-Sixth Defense" was timely made, and Defendants do not and cannot assert otherwise as their Answer was filed June 20, 2008 and this motion was filed July 10, 2008 within twenty days after filing of the Answer. Rules 12(c) and 12(b), Fed.R.Civ.P. In fact, this motion specifically states that it is made not only under Rule 12(f) but also under Rules 9(b) and 12(b)(6), Fed.R.Civ.P., and that it is a motion to "strike and *dismiss* the Thirty-Sixth Defense and *all of the counterclaims* alleged in the Thirty-Sixth Defense." (D.I. 87) (Italics added.) Accordingly, Plaintiff has timely moved to dismiss the counterclaim(s) labeled by Defendants as their "Thirty-Sixth Defense".

## Conclusion

Based on the foregoing, the Court should (a) strike that part of Paragraph 1 of the Answer from and including the sentence beginning, "Two members of the Plaintiff, Harris Friedman and Sharon Will, have been accused of securities fraud previously...", through the end of Paragraph

10

1  and (b) strike and dismiss the "Thirty-Sixth Defense" in the Answer and all of the

counterclaims alleged in the "Thirty-Sixth Defense."

Dated:        September 3, 2008

                                                BIFFERATO GENTILOTTI LLC

                                                _____
                                                Ian Connor Bifferato (#3273)
                                                800 N. King Street, First Floor
                                                Wilmington, DE 19801
                                                Telephone: 302-429-1900
                                                Facsimile: 302-429-8600

                                                        -and-

                                                **OLSHAN GRUNDMAN FROME**
                                                **ROSENZWEIG & WOLOSKY LLP**

                                                /s/  Herbert C. Ross, Jr.
                                                _____
                                                Thomas J. Fleming
                                                Herbert C. Ross, Jr.
                                                Park Avenue Tower
                                                65 East 55th Street
                                                New York, New York 10022
                                                Telephone:  (212) 451-2300
                                                Facsimile: (212) 451-2222

                                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2008, a copy of the foregoing

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO

STRIKE PORTIONS OF DEFENDANTS' ANSWER AND TO DISMISS THE

THIRTY-SIXTH DEFENSE was caused to be served upon the following in the manner

so indicated:

**VIA CM/ECF ELECTRONIC FILING**
YOUNG CONAWAY STARGATT&
TAYLOR, LLP
William D. Johnson (No. 2123)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**VIA FIRST CLASS MAIL**
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
J. Allen Maines, Bar No. 466575
John G. Parker, Bar No. 562425
600 Peachtree Street, Suite 2400
Atlanta, GA 30308

Ian Connor Bifferato (#3273)